### R. B. HANNAY, ADM'R, V. LOUISA L. THOMPSON.

Where the plaintiff brought an action of trespass to try title, and the defendant pleaded not guilty, and gave in evidence an absolute conveyance of the property from the plaintiff, it was held that it was competent for the plaintiff to introduce parol testimony to show that the conveyance was in fact a mortgage, but that she could not recover possession of the property without satisfying the mortgage.

Appeal from Harris. Action of trespass to try title. Defendant pleaded not guilty. On the trial the defendant admitted title from the State to the plaintiff and gave in evidence an absolute deed of conveyance of the property, and possession under it, from the plaintiff. Whereupon the plaintiff offered to introduce parol evidence to show that the conveyance was executed to secure the payment of borrowed money; to which the defendant objected on the ground that there was no averment of such fact, or of the mortgage, in the plaintiff's pleadings; and because there was nothing in the plaintiff's pleading which gave notice to the defendant that the suit was brought to redeem the mortgaged property, and that plaintiff did not show a readiness and ability to discharge the mortgaged debt. The objection was overruled and plaintiff's evidence admitted, and defendant excepted. The Court charged the jury, that if they found that the conveyance given in evidence by the defendant was executed to secure the payment of borrowed money, it was a mortgage, and as it had not been pleaded by the defendant, they should disregard it in rendering their verdict; to which charge the defendant excepted. The jury returned a verdict for the plaintiff, upon which judgment was rendered, and the defendant appealed, and assigned as error, the ruling of the Court in admitting the plaintiff's evidence to prove the conveyance a mortgage, and in charging

Hannay v. Thompson.

the jury to disregard the mortgage in rendering their verdict.

*Palmer & Jordan*, for appellant.   I.  At law, after forfeiture the mortgagee is entitled to the possession of the mortgaged premises.   (2 Story's Eq. Ju. 4 ed. Sec. 1013, n. 2; Id. Sec. 1016, 1017; 1 Pow. Mort. 155, n. 2; Id. 159, n. 9; Id. 251, n. F; 2 Id. 663, n. 1; 3 Id. 1152, n.; Id. 1154, a; 2 Greenl. 132; 1 Adams, N. H. R. 169; 5 N. H. R. 59; 4 Ala. R. 745; 6 Id. 543; 2 Porter, 433; 12 Serg. & R. R. 240; 1 Binney R. 176; 1 J. J. Marsh. R. 38, 162; 7 Blackf. R. 1; 8 Johns. R. 96; 7 Cow. R. 290; 9 Wend. R. 80, 258; 4 Johns. R. 216; 10 Id. 480; 15 Ohio R. 735; 16 Id. 125; 10 Mis. R. 229; 7 Mour. 209; 7 Dana R. 220; 3 Mass. 138; 6 Id. 50, 231; 13 Id. 309; 11 Id. 469; 12 Id. 514; 16 Id. 39; 4 Verm. R. 327; 1 Root, 244, 296; 2 Id. 298; 2 Cowen, R. 1, 445; 2 Forbl. Eq. Ch. 1, Sec. 3, n. d; Id. Sec. 8, n. g.)

II.  Both Courts of Law and Equity will protect the mortgagee in possession until the entire debt is paid.   (1 Pow. Mort. 335, 338, n. u, 1, k; Id. 251; 2 Id. 526, n.; Id. 663, n. 1; 3 Id. 1154, a; 2 Foubl. Eq. p. 272, b. 3, Ch. 1, Sec. 9; 2 Halst. 175; 1 J. J. Marsh. R. 53, 257; 2 Atk. R. 2, 343; 13 Ves. 377, n. 1; 15 Id. 469; 3 Madd. R. 242; 1 P. Wms. 776; 2 Ch. R. 247, 360; 7 Cond. Eng. Ch. R. 42; 19 Vesey, 413, note and cases cited; 1 Ohio Cond. 330; 2 Spencer's Eq. Jurisdiction, 649; 8 Johns. R. 96; 20 Id. 51—61; 7 Cowen, R. 20; 13 Wend. R. 485; 14 Id. 233; 5 Id. 617; 1 Hill, S. C. R. 497; 4 Ala. R. 745; 6 Id. 543; 3 Shep. 242; 6 Id. 104; 8 Id. 465; 2 Merivale R. 359; 5 Tex. R. 290.)

III.  The equities between the parties will be disposed of in this particular action.   (5 Tex. R. 23, 31; 12 Pet. 11; 1 Wash. C. C. R. 322; 2 Stewart & Porter, R. 160.)

*Allen & Hale*, for appellee.   The questions involved are:
1st.  Was it competent for the plaintiff to show by parol and other proof, that the absolute conveyances on which the defendant relied were nothing but a mortgage and subsequent trans-

fers, and vested only a mortgage interest, if any, where no allegation to that effect appears in the petition.

2d. If so, was the defendant entitled, under his general denial and plea of not guilty, to recover back the mortgage debt.

I. It is too well settled to require any reference to authorities, that a deed absolute on its face may by parol or other proof, be shown to be a mere mortgage; and to establish the first point in favor of the appellee, it is only necessary here to remark, that as the defendant is permitted by Statute to introduce proof of adverse title, under his plea of the general issue, the plaintiff must be at liberty to introduce rebutting evidence, without any corresponding allegation in the petition. Any other rule would work a legal surprise. (Underwood v. Parrott, 2 Tex. R. 68; Hunt v. Turner, 9 Tex. R. 385.)

II. As to the second point, it is sufficient to observe that it was at the option of the defendant below to have relied on his title as a bar to recovery, or to have pleaded it in reconvention and claimed relief against the plaintiff, and having chosen the former course he is bound by it, and cannot now alter his case because the proof has turned out different from his expectations. He has not apprised the plaintiff that he intended to foreclose the mortgage and desired a cross-judgment for the debt; indeed his whole course has been to contradict that supposition.

WHEELER, J. If the defendant had pleaded his title specially under the decisions of the Court, (Rivers v. Foot, 11 Tex. 662; Paul v. Perez, 7 Id. 338,) the plaintiff might have been required to give notice by pleading, of the intention to show by parol evidence that the absolute conveyance under which the defendant claimed and held possession, was a mortgage. But as the conveyance was not pleaded, and the plaintiff had not notice of the title under which the defendant claimed, she was not bound to anticipate his defence, or the evidence he would adduce in support of it, and had the right to rebut such evidence, or avoid the effect of it when introduced, by any evidence in her power. (Ib.) The evidence, therefore, was

rightly admitted, and showed, doubtless what was the truth of the case, that the conveyance was a mortgage. That point is now conceded, and does not require further notice.

But the correctness of the judgment is questioned upon another ground, which it is material to consider. The defendant, or those under whom he claims, went into and held possession under an absolute conveyance by the plaintiff, putting him in possession, and clothing him apparently with an indefeasible title to the premises. The plaintiff now seeks to recover the possession unconditionally ; and to avoid the effect of the conveyance, proves that it was in fact a mortgage. Yet it appears that the debt has not been paid, and that there has been a breach of the condition of defeasance, which constituted the deed a mortgage. And the question is, whether, where the mortgagee is thus rightfully in possession, and after the condition broken, the mortgagor is entitled to recover the possession without first discharging the incumbrance. And it is clear that he is not. In the case of Graham v. Vining (12 Tex. R.) it was decided that the mortgagee out of possession, cannot recover the possession of the mortgagor. But there is no case where the mortgagee has been thus placed in possession under the mortgage, and by its terms is entitled to retain it, in which it has been held that the mortgagor can recover of the mortgagee the possession after the condition broken, without first discharging the debt which the mortgage was given to secure. The action, though in form trespass to try title, upon the setting up of the mortgage by the plaintiff, became in substance a suit to redeem. On payment of the debt remaining due, after taking an account of the rents and profits, and improvements, the plaintiff was entitled to recover the possession ; but clearly not before. The contrary, however, was maintained in the instructions to the jury, and in the judgment rendered upon the verdict. The judgment must therefore be reversed and the cause remanded.

Reversed and remanded.