### SUSAN D. LORING, et al., vs. SAM. H. MILLIKEN.

*Construction of Instrument.*—Equity looks to all the circumstances preceding and attending the execution, and sometimes those which have subsequently occurred, in determining whether an instrument is to be construed as a mortgage or an absolute conveyance, where there is no defeasance expressly agreed upon. See this case for the circumstances from which equity usually deduces the conclusion that a deed in form, is in reality a mortgage.

*Possession of Mortgaged Premises.*—Where possession of the mortgaged premises is obtained by the mortgagee, in a manner unwarranted by law and not contemplated by the parties, he can not demand payment of the money secured by the mortgage before restoring the possession that he had obtained by unlawful trespass.

Appeal from Parker County. Opinion by Willie, C. J.

As the judge who tried this cause, without the intervention of a jury, has not placed upon record his conclusions of law and fact, we are unable to know whether he construed the deed from G. B. Loring to Milliken to be an absolute conveyance and not a mortgage, or, holding it to be a mortgage, gave judgment for appellee, because the full sum of money secured by it was not tendered in the petition. We are, therefore, compelled to consider both these grounds and see if either was properly decided by the court below.

In determinidg whether an instrument is to be construed as an absolute conveyance or a mortgage when there is no defeasance expressly agreed upon, equity looks to all the circumstances preceding and attending the execution of the instrument, and sometimes to those which have subsequently occurred.

Ruffin vs. Womack, 30 Tex. 344.

Caldwell vs. Wood, 3 Watts, 194.

From these the transaction will take its hue, no matter what coloring the declarations and apparent agreement of the parties have attempted to give it.

If there was a debt due from the grantor to the grantee, or a loan made, which the instrument secures, the transaction will be deemed a mortgage, let it be disguised as it may. No evidence of indebtedness may be taken or preserved, and yet the debt may remain.

For the sake of giving the transaction the appearance of a sale, all such evidences are usually avoided or cancelled.

Ruggles vs. Southard, 12 How. 129.

Gibbs vs. Ferry, 43 Tex. 560.

The circumstances from which equity usually deduces the conclusion that a deed in form is in reality a mortgage, are exactly those which are prominent in this case:—The existence of a previous indebtedness between the parties; the need which the grantor has for money; a negotiation between the parties in which a mortgage is discussed, though apparently refused; an agreement to furnish more money and extinguish an old debt for a deed to the property; a sale priorly agreed on for much less than the property is worth ; a statement of willingness by the grantee to re-convey if the money is refunded; no change in possession of the property taking place as is always contemplated in absolute sales, without some understanding to the contrary.

These alone would seem to be sufficient to characterize the transaction as a mortgage; but when we add other patent facts, proved on the trial, the conclusion seems almost irresistible that a mortgage was intended by the parties.

For instance, if the design was an absolute sale of the property, why did not Milliken take a deed directly from Mrs. Loring, in whom the title stood, instead of having a conveyance first made from her to G. B. Loring, and from the latter to himself ? A deed directly from Mrs. Loring to Milliken would have as effectually placed title in Milliken as the more circuitous method which was adopted ; but if the object was to take a mortgage upon the property, this would not have been good if taken directly from Mrs. Loring, because it was her homestead.

The only satisfactory reason is that the title was placed in G. B. Loring, because a mortgage from him would be valid.

Again, we have seen that if a loan is established, and not a payment of purchase money, equity construes the deed to be a mortgage. Milliken, himself, testifies that nothing was said between him and Loring about a sale, but a deed was to be given for the amount then

owing and what he then let Loring have in addition, and speaks of the money which he then let him have as a *loan*.

Moreover, it is a singular fact that whilst the amount for which the property is alleged to have been sold is $825, the consideration stated in the deed is $1000. This furnishes some proof that this sum was intended to include interest in the calculation of the amount the deed was made to secure.

This will probably account for another strange fact,—that a purchaser of land should lay no claim to its possession, and let another enjoy its rents and take entire control of it for her own benefit. The explanation is:—He reaped his profits in the way of interest in the pretended purchase money.

We attach no importance to the fact that Milliken balanced his accounts upon the books of the bank. This was done without the knowledge of Loring. Milliken could not thus make evidence for himself, and the fact that he attempted to do so, if it had any significance at all, showed a design to disguise the real transaction, and clothe it with the appearance of a sale by destroying all evidence of debt still existing between the grantor and grantee.

We conclude that appellee's own testimony, taken in connection with the other undisputed facts of the case, clearly established that the deed taken by him was intended to have the force and effect of a mortgage, and should have been so construed by the court below. We are of opinion, also, that appellants were not bound to make any tender to the appellee in order to regain possession of the property. This is required when the mortgagee is rightfully in possession of the mortgaged premises. Hannay vs. Thompson, 14 Tex. 142.

In this case, possession was obtained in a manner unwarranted by law and not contemplated by the parties. Appellee could not demand payment of the money secured by the mortgage before giving up premises, the possession of which he had obtained by an unlawful trespass.

The mortgagor was entitled to them as well before as after default in paying the secured debt, and his right to recover did not, of course, depend upon the extinction of the lien held by the mortgage.

Graham vs. Dutz, 14 Tex. 427.

Morrow vs. Morrow, 78 Tex. 304.[7].

Mann vs. Falcon, 25 Tex. 271.

Had appellee pleaded by proper averments the existence of this

debt, and the lien on the property, to secure it, and prayed in re-convention for a foreclosure of that lien, he might have obtained a decree for a sale of the premises in satisfaction of the indebtedness less the amounts received by him.

As the judgment will be reversed for the reasons already given, the cause will be remanded to give the appellee an opportunity to amend his pleadings so as to pray for a foreclosure of his lien, and, upon proper proof, obtain a judgment in reconvention to that effect.

The judgment is reversed and the cause remanded.