M. J. McSween v. Emma L. Yett et al.

(Case No. 1470.)

1. PLEADING IN TRESPASS TO TRY TITLE.— When the plea "not guilty" and a special plea (other than limitation) are filed, the plaintiff cannot himself rebut evidence admitted under the special plea, unless he has made allegations in pleading under which it would in other cases be admissible. In avoidance of evidence admissible under the general issue, he can submit testimony without such allegations.

2. SAME.— In trespass to try title, defendants, after pleading "not guilty," pleaded specially that the sheriff's deed under which plaintiff claimed was void. On the trial the defendants showed a chain of title from the government to themselves. *Held*, that the plaintiff could show fraud in the acquisition of defendants' apparent title, and this though plaintiff had not set up the fraud in his pleadings; the defendant having pleaded nothing to render it necessary.

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

*J. C. Mathews* and *A. G. Walker*, for appellant.

*Walter Acker*, for appellees.

WILLIE, CHIEF JUSTICE.— Our Revised Statutes provide that, in an action of trespass to try title, the defendant may, under the plea of "not guilty," give in evidence any lawful defense except the statute of limitations, which shall be specially pleaded. Art. 4793. This is no more than a re-enactment of the law as it had previously existed by virtue of statutes and decisions of the supreme court interpreting them    Rivers *v.* Foote, 11 Tex., 671; Hannay *v.* Thompson, 14 Tex., 142.

Under these previous enactments, the supreme court had held that if, in addition to the plea of "not guilty," a defendant set up any special defenses, the effect of the plea of "not guilty" was merely to impose on the plaintiff the necessity of establishing his title, and the defendant would be limited to his special defenses, upon which, by his pleas, he has notified the plaintiffs he intends to rely. Shields v. Hunt, 45 Tex., 424, 426.

They also held that where "not guilty" was alone pleaded, and defendant introduced evidence under it in confession and avoidance, the plaintiff would be permitted to introduce evidence in confession and avoidance of such defense without having alleged the same in his pleadings. See preceding authorities. But they further held that if the defendant pleaded not guilty, and a special plea setting up title in himself, and introduced evidence of such title, and the plaintiff wished to introduce proof by way of rebutting such evidence, he must make his allegations, as in other cases, to correspond with such testimony. Paul v. Perez, 7 Tex., 338; Rivers v. Foote, supra.

It is a question of notice. With the plea of not guilty alone on file, the plaintiff has no notice of his opponent's defenses, and is entitled to none, and the defendant has no right to be informed of what he will do to avoid them. With a special plea added, the plaintiff has notice that the defendant will rely upon such plea, and it is not to be presumed that he will introduce proof of any other defense. Shields v. Hunt, supra. If, therefore, the plaintiff wishes to avoid this plea of which he has full notice, he must inform the opposite party in the proper way of the manner in which he proposes to meet it. In fact, the rules of pleading prescribed for other suits become applicable in this state of case to the action of trespass to try title.

The necessary deduction from these well-settled principles is, that where "not guilty" and a special plea other than limitation are filed, the plaintiff cannot rebut evidence put in under the special plea, without himself making allegations under which it would be admissible in other cases; yet in avoidance of evidence admissible under the general issue he can submit testimony without such allegations.

Applying these principles to the present case we find that the defendants below pleaded "not guilty," and specially that the sheriff's deed under which plaintiff claimed was void, the execution and sale by virtue of which it was executed being themselves void. The plaintiff was therefore put upon notice that this was the defense he was expected to meet. If he proposed to avoid this defense by new

matter, he could not introduce it without appropriate pleadings. But under the plea of "not guilty," the defendants proved a chain of title from the government to themselves. If that chain of title had been pleaded, the plaintiffs could not have introduced proof to avoid it by showing that it was void for fraud or other cause. But as it was admitted under the general issue (whether properly or not we are not called upon to say, as it was not objected to), the plaintiff had no notice by defendant's pleas that it would be relied on, and hence was not bound to give notice to the defendant in his own pleadings of the manner in which he would avoid its effect. To hold otherwise would be to allow the defendant to put in a plea upon which he did not intend to rely, and thus throw the plaintiff off his guard, and upon the trial to offer proof as to a different defense, and preclude the plaintiff altogether from controverting his testimony introduced to sustain it. It would be to give the defendant all the advantages of the plea of not guilty, whether he pleaded specially or not; and to subject the plaintiff to all the disadvantages to which he would be liable when "not guilty" alone was pleaded, although special pleas had also been filed.

The court therefore erred in sustaining the defendants' exceptions to the admission of the several matters of evidence offered by the plaintiff to show fraud in the acquisition of title to the land by defendants, no other objection being made to them except that there were no pleadings under which they could be introduced, and for this error the judgment will be reversed and the cause remanded. The exceptions taken by appellees to the exclusion of evidence on their part cannot be considered, for the reason that they have assigned no error upon this action of the court.

REVERSED AND REMANDED.

[Opinion delivered October 19, 1883.]