---

## M. J. Mc SWEEN vs. E. L. YETT, et al.

SUPREME COURT, TYLER TERM, 1883.

*Practice—Evidence.*—In an action of trespass to try title all evidence of lawful defense is available under the plea of not guilty, except the statute of limitations, which must be specially pleaded. This provision of the revised statutes is but a re-enactment of the old law

*Same—Pleading.*—It has been held that is, in addition to the plea of not guilty a defendant set up special defenses, the effect of the plea of not guilty was merely to impose upon the plaintiff the burden of proving title, at the same time confining the defendant to his special defenses.

*Same.*—It was also held that when not guilty was alone pleaded, and defendant introduced evidence under it, of confession and avoidance, the plaintiff would be permitted to introduce in confession and avoidance of such defense without assigning the same in pleadings.

*Same.*—But it was also held that the defendant pleaded not guilty, and a special plea setting up title, and introduced evidence under it. the plaintiff to rebut, must make necessary allegations in his pleadings. It is simply a question of notice. The simple plea of not guilty gives no notice, nor is the plaintiff entitled to any, nor has the defense any right to notice of what will be attempted in avoidance.

*Same.*—The rule is, therefore, that if plaintiff wishes to avoid a plea of which he has full notice, he must, in the proper way, inform the opposite party of the manner in which he proposes to meet it.

*Same.*—When "not guilty" and a special plea other than limitation is interposed, the plaintiff cannot rebut evidence put in under the special plea unless he makes

proper allegations in his own pleadings, yet in avoidance of evidence admissible under the general issue, he can submit testimony without such allegation.

*Same.*---See a case wherein the defensive pleadings, amounting to notice, demanded counter allegations in order to admit evidence in avoidance.

Appeal from Lampasas County.

Opinion by Willie, C. J.

Our revised statutes provide that in an action of trespass to try title the defendant may, under the plea of not guilty, give in evidence any lawful defense except the statute of limitations, which shall be specially pleaded. R. S. Art. 47, 93.

This is no more than a re-enactment of the law as it had previously existed by virtue of statutes and decisions of the supreme court interpreting them. Rivers vs. Foote, 11 Tex.,671; Hannay vs. Thompson, 14 Tex., 142. Under these previous enactments the supreme court had held that if, in addition to the plea of not guilty, a defendant set up any special defenses, the effect of the plea of not guilty was merely to impose on the plaintiff the necessity of establishing his title, and the defendant would be limited to his special defenses, upon which, by his pleas, he has notified the plaintiffs he intends to rely. Shields vs. Hunt, 45 Tex., 424—426.

They also held that where not guilty was alone pleaded, and defendant introduced evidence under it in confession and avoidance, the the plaintiff would be permitted to introduce evidence in confession and avoidance of such defense without alleging the same in his pleadings. See previous authorities.

But they further held that if the defendants pleaded not guilty and a special plea setting up title in himself and introduced evidence of such title, and the plaintiff wished to introduce proof by way of rebutting such evidence, he must make allegations, as in other cases, to correspond wiht such testimony. Paul vs. Perey, 7 Tex., 338; Rivers vs. Foote, supra.

It is a question of notice. With the plea of not guilty alone on file the plaintiff has no notice of his opponent's defenses, and is entitled to none, and the defendant has no right to be informed of what he will do to avoid them.

With a special plea added the plaintiff has notice that the defendand will rely upon such a plea, and it is not presumed that he will introduce proof of any other defense. Shields vs. Hunt, supra.

If, therefore, the plaintiff wishes to avoid the plea of which he has

full notice, he must inform the opposite party in the proper way of the manner in which he proposes to meet it.

In fact the rules of pleadings prescribed for the other suits became applicable in this state of the case to the action of trespass to try title.

The necessary deduction from the well settled principles is that when not guilty, and a special plea other than limitations are filed, the plaintiff cannot rebut evidence put in under the special plea without himself making allegations under which it would be admissible in other cases, yet in avoidance of evidence admissible under the general issue he can submit testimony without such allegations.

Applying these principles to the present cases we find that the defendants below pleaded not guilty, and specially that the sheriff's deed, under which plaintiff claimed is void, the execution and sale, by virtue of which it was executed, being themselves void. The plaintiff was, therefore, put upon notice that this was the defense he was expected to meet. If he proposed to avoid this defense by new matter he could not introduce it without appropriate pleadings. But under the plea of not guilty the defendant proved a chain of title from the govrnment to themselves. If that chain of title had been pleaded the plaintiff could not have introduced proof to avoid it by showing that it was void for fraud or cause. But as it was admitted under the general issue, whether properly or not, we are not called upon to say, as it was not objected to. The plaintiff had no notice by defendant's pleas that it would be relied on, and hence was not bound to give notice to the defendant in his own pleadiugs of the manner in which he would avoid its effects.

To hold otherwise would be to allow defendant to put in a plea upon which he did not intend to rely, and thus throw the plaintiff off his guard, and upon the trial to offer proof as to a different defense, and preclude the plaintiff altogether from controverting his testimony introduced to sustain it.

It would be to give the defendant all the advantages of the plea of not guilty whether he pleaded specially or not, and to subject the plaintiff to all the disadvantages to which he would be liable when not guilty alone was pleaded, although special pleas had also been filed.

The court therefore erred in sustaining defendant's exceptions to the admisssion of the several matters of evidence offered by plaintiff

to show fraud in the acquisition of title to the land by defendants, no other objections being made to them, except that there was no pleadings under which they could be introduced, and for this error the judgment will be reversed and the cause remanded.

The exceptions taken by appellees to the exclusion of evidence on their part cannot be considered, for the reason that they have assigned no error upon this action of the court.

Reversed and remanded.