RANDOLPH FIELDS ET AL. v. MORGAN RYE, JR.

Decided October 11, 1900.

**1. Trespass to Try Title—Defendant Pleading Title Specially—Replication Necessary.**

Where the defendant in an action of trespass to try title, brought by plaintiff in the usual statutory form, specially pleads his title, such as a title through a parol sale of the land to himself by the plaintiff, the latter, in order to introduce evidence in rebuttal or avoidance of such title, such as evidence showing the parol sale to be void because the land was plaintiff's homestead, must specially plead such matter in replication.

**2. Practice—Amendment After Evidence Closed.**

The action of the trial court in refusing to allow an amendment of the pleadings after the evidence has all been introduced, will not be revised unless an abuse of the court's discretion in the matter is clearly shown.

Appeal from Liberty.   Tried below before Hon. L. B. Hightower.

*M. D. Rayburn* and *Jackson & Hightower,* for appellants.

*Perryman & Kattwitz,* for appellee.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by appellants to recover title and possession of a tract of 200 acres of land described in plaintiff's petition.  The original petition is in the usual and customary form of a petition in an action of trespass to try title and contains no allegation that any part of the land sued for is the homestead of appellants.  This petition was filed on the 5th day of January, 1886, and on the 18th of March, 1889, appellee filed his original answer, which contained a general demurrer, general denial, and plea of not guilty.  On February 9, 1892, appellee filed his first amended answer in which, in addition to the defenses set up in the original answer, he disclaimed as to all of the land sued for except 10 acres, described in said answer, as to which appellee claimed title through a parol sale by appellant Randolph Fields to the vendor of appellee.  The appellant filed no supplemental petition, and the case was tried on the pleading above set out.  Upon the trial of the case the appellant showed title by regular chain in the said R. R. Fields to the 200 acres of land sued for.  Appellee then proved the verbal sale of the 10 acres of said land described in his answer, to his vendor, Morgan C. Rye, and payment of the purchase money by the said Rye; that appellant had placed him in possession of said land, and the said Rye had made permanent and valuable improvements thereon; that said land was so sold by appellant in September, 1878, and Rye was placed in immediate possession thereof and continuously occupied the same until he sold same to appellee in 1883, since which time same has been continuously held and occupied by appellee.

The appellant then offered evidence to show that at and long prior to said verbal sale by the appellant R. R. Fields said 10 acres of land was a part of the homestead of said appellant and his wife, J. M. Fields, the other appellant herein, and that appellants had no other homestead or any land or premises that they claim or have ever claimed as a homestead, save and except the 200 acres described in their petition, and of which said 10 acres is a part, and that the said M. C. Rye and the appellee both knew at the time they purchased said land that the same was a part of appellants' homestead.

The appellee objected to the introduction of this evidence on the ground that appellants having failed to plead that the land claimed by appellee through said verbal sale was a part of their homestead, evidence of such fact was not admissible.  This objection was overruled by the court and the evidence admitted, but after its admission the court, on motion of appellee, struck out said testimony and withdrew same from the consideration of the jury.  Appellant then asked leave to file

an amended petition setting up said homestead claim, which request was denied by the court. The jury, under proper instructions, returned a verdict in favor of appellee for said 10 acres, and judgment was rendered in accordance with said verdict, from which judgment this appeal is prosecuted.

The only question raised on this appeal is, did the trial court err in striking out said testimony and in refusing to allow appellants to file an amended petition? Appellant contends that, inasmuch as appellee might have shown a parol sale of the land under a plea of not guilty, and in such case appellant could have shown the homestead character of the premises at the time of such sale and thereby avoided said sale, the fact that appellee specially pleaded said sale when he was not required to do so did not destroy appellants' right to prove that the land was their homestead at the time of such sale, without having alleged such fact. This contention is not sound, and finds no support in the authorities cited by appellants. In the case of McSween v. Yett, 60 Texas, 183, the Supreme Court held that when a defendant in an action of trespass to try title, pleads his title, the plaintiff, in order to introduce testimony in rebuttal or avoidance of such title, must make his allegations as in other cases to correspond with such testimony, citing Paul v. Perez, 7 Texas, 338, and Rivers v. Foote, 11 Texas, 671. The question is one of notice, and while a plaintiff is generally allowed to show facts in confession and avoidance of any defense admissible under a plea of not guilty, when the defendant notifies the plaintiff by a special plea what defense he will rely upon and thus cuts himself off from any defense other than the one so pleaded, the plaintiff must then plead such facts as he may wish to prove in avoidance of the defendant's special plea. The court below correctly excluded the testimony, and had it remained before the jury it could have no legal effect in the termination of this case, because not supported by any pleading.

The court did not err in refusing to allow plaintiff to file an amended petition after the evidence in the case had all been introduced. The filing of amendments after a trial has begun may sometimes be allowed, but it is a matter in the discretion of the trial court, and unless an abuse of such discretion is shown the judgment of the trial court will not be disturbed.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*