DAVIS et al. v. COLLINS et al.  (No. 6652.)

(Court of Civil Appeals of Texas.  Galveston. June 24, 1914.  Rehearing Denied Oct. 8, 1914.)

1. PLEADING (§ 236*)—AMENDMENT OF PETITION—DISCRETION OF TRIAL COURT.

In trespass to try title to a specific tract of 160 acres, described by metes and bounds, part of a larger survey, the allowance of a trial amendment to the petition, so as to claim 160 acres of the survey, including plaintiffs' improvements, if found to be a fair and equitable partition, in the absence of any showing of surprise, or of any request to have the case continued, or any showing of injury to defendant, was not an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—GROUPING EXCEPTIONS.

Assignments of error, grouped and presented together, but raising different questions, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 742.*]

3. ADVERSE POSSESSION (§ 110*)—SETTING OFF PART OF SURVEY ADVERSELY HELD—EQUITABLE PARTITION.

In trespass to try title, where each of plaintiffs had held actual possession of parts of a league, claiming 160 acres thereof for more than 10 years before their action was brought, they were each entitled to 160 acres, and, where they failed to show that they had claimed the identical 160-acre tracts described in their petition, but showed under their alternative pleading that the tracts described were of no greater value than the remainder of the league, they were each entitled to 160 acres and to allotment of the tracts described in their petitions.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 636–645; Dec. Dig. § 110.*]

4. ADVERSE POSSESSION (§ 35*)—REQUISITES—DISTINCT AND EXCLUSIVE POSSESSION.

The actual possession by each of two plaintiffs in trespass to try title for the time prescribed by statute, coupled with their separate and distinct claims of 160 acres each out of a larger survey and their agreement upon a boundary between them, entitled each of them to an undivided 160 acres in the survey, and the fact that, if the location of 160 acres for one was made without regard to the claim of the other, but, with regard to the shape of the survey and a fair partition between one plaintiff and the defendants, it would cover a part of the land claimed by the other plaintiff, did not destroy the right of each plaintiff to a title under the statute to 160 acres of the league; their actual occupancy being notice to the owners of the league that it would entitle each to 160 acres, and precluding any presumption that they were claiming the same land.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 137, 138; Dec. Dig. § 35.*]

5. APPEAL AND ERROR (§ 877*)—PARTIES ENTITLED TO ALLEGE ERROR—PARTIES INJURED.

In trespass to try title, where each of the plaintiffs was entitled to 160 acres out of a larger survey, the fact that the land awarded to them jointly was less than 320 acres, and was located with due regard to the defendants' right to a fair and equitable partition, in no way injured defendants, and hence they could not complain of the judgment on that ground.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3560–3572; Dec. Dig. § 877.*]

Appeal from Special District Court, Polk County; J. Llewellyn, Judge.

Trespass to try title by E. C. Collins and another against Mrs. C. G. Davis and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Holshousen & German, of Livingston, for appellants. V. A. Collins, of Beaumont, for appellees.

PLEASANTS, C. J. Appellee E. C. Collins brought suit of trespass to try title in the district court of Polk county against the appellants to recover a tract of 160 acres of land, a part of the J. S. Morgan league in said county, and appellee S. J. Collins brought a similar suit at the same term of court against appellants to recover another tract of 160 acres on said league. These suits were consolidated and tried in the court below as one suit, and this appeal is from the judgment rendered in said consolidated cases.

Each of the appellees sued to recover a specific tract of 160 acres, which he described by metes and bounds in his petition, and to which he claimed title by adverse claim and possession for 10 years. The allegations of title by limitation in each of said petitions are as follows:

"(4) Plaintiff says that the defendants nor either of them ought to recover of and from him the land above described, for he says that he and those whose estate he has and holds, claiming to have good and perfect right and title to same, have had and held peaceable and adverse possession thereof, cultivating, using and enjoying the same for more than ten years since defendants' cause of action, if any, accrued, and

before the filing of this suit, and this plaintiff is ready to verify.

"Wherefore plaintiff prays that citation issue to defendants in terms of law, and upon hearing hereof he have a judgment of the court awarding him title and possession of the 160 acres of land above described, for his writ of possession; but should the court find upon hearing that the land herein specifically described and claimed by plaintiff herein is of greater value than the average of the tract claimed by defendants upon which plaintiff's land is located, then in that event plaintiff prays the court to set aside to him 160 acres out of said larger survey, being of average value with the entire tract, and including his improvements, for all costs in this behalf expended, and for any other or further relief to which he may show himself entitled will he in duty bound ever pray."

After the evidence and argument of counsel had been heard, each of the plaintiffs with leave of the court filed the following trial amendment:

"First. If plaintiff is mistaken in his plea in said amended petition to the effect that he has claimed a specific 160 acres of land described therein, then he alleges that, claiming to have good and perfect right and title to 160 acres of land of the James Morgan league in Polk county, Texas, said 160 acres including plaintiff's improvements, he has had and held peaceable and adverse possession thereof, cultivating, using and enjoying the same for a period of more than ten years since defendants' cause of action accrued, if any they have, and before the filing of this suit; and this he is ready to verify.

"Wherefore he prays the court, all parties now being before the court, that upon hearing hereof he have judgment of the court awarding him title and possession of said 160 acres described in his first amended original petition and for his writ of possession; or should the court find that plaintiff has not been claiming the specific 160 acres described in his said plea for ten years before the filing of this suit, but should find that he has been claiming 160 acres and in possession of same in such manner as to entitle him in law to recover from the defendants herein, and further finds that the land specifically claimed by plaintiff is a fair and equitable partition of same between plaintiff and defendants, then plaintiff prays judgment of the court awarding him title and possession of 160 acres, with his writ of possession.

"But should the court find that plaintiff is entitled to recover 160 acres of said survey, but should find that he is not entitled to recover the specific 160 acres sued for under either of the above theories, then in that event plaintiff prays the court for judgment awarding him title and possession to 160 acres of said James Morgan league to be surveyed under the direction of the court, so as to include plaintiff's improvements on said Morgan survey; and for his writ of possession, and for judgment for all costs of this suit, and such other relief, either legal or equitable, to which the facts may show plaintiff entitled, will plaintiff in duty bound ever pray."

Each of the defendants filed an answer in each of said suits, containing general demurrer, general denial, and plea of not guilty, and plea alleging title to the land described in plaintiff's petition, and praying judgment therefor. The cause was tried in the court below with a jury, and under peremptory instructions of the court the following verdict was returned:

"We, the jury, find for the plaintiffs, E. C. and S. J. Collins, for the land described in two petitions and answers filed herein."

Upon this verdict judgment was rendered in favor of the plaintiffs for the two tracts of land described in their petitions, and which are described in said judgment as one tract, and an undivided one-half interest therein awarded to each of the plaintiffs.

The facts disclosed by the record, there being no conflict in the evidence, are as follows:

The plaintiff S. J. Collins established his home on the J. S. Morgan league survey in 1892, and has lived there continuously since that time, cultivating a small portion of said land, and claiming 160 acres thereof. In 1895 or 1896 E. C. Collins settled on said league. His home and improvements were situated 300 or 400 yards north of the home of S. J. Collins. He has claimed 160 acres of said league continuously since his settlement thereon, and has had actual possession in person or by tenants of the land upon which his improvements are situated, cultivating, using, and enjoying same continuously since his settlement thereon. Defendants' answers, in which they claim title and pray for recovery of the land, were filed in December, 1911. When E. C. Collins made his settlement on the land, it was understood and agreed between himself and S. J. Collins that their respective claims of 160 acres each would not conflict, and the location of the boundary line between them was agreed upon. The survey of the respective tracts claimed by plaintiffs was made in 1904. Prior to this survey the boundaries of the two tracts were not designated and were not definitely known by plaintiffs. The land claimed by plaintiffs is of no greater value than the remainder of the land in the Morgan league, and awarding them said land is not an inequitable partition as between them and defendants, who are the owners of the balance of the survey. While the field notes of each of the tracts described in plaintiffs' petitions call for 160 acres, according to the courses and distances called for in said field notes the E. C. Collins tract contains 144 acres and the S. J. Collins tract 172 acres.

Appellants' first assignment of error complains of the ruling of the trial court permitting plaintiffs to file the trial amendments of their petitions before set out, after the evidence had been closed and arguments of counsel heard upon the law of the case. Defendants excepted to this ruling of the court at the time and preserved their exceptions by a proper bill. The exceptions to the ruling which are submitted as propositions under the assignment are:

First: "An amendment to a petition which in effect sets up a new cause of action should not be permitted after the trial has begun."

Second: "A trial amendment is only allowable when it becomes necessary in the progress of a trial to meet a ruling of the court to sustain an exception to the pleading sought to be amended, and cannot be allowed to meet the evidence produced on the trial."

[1] There is no rule more firmly established by our decisions than that the allowance or refusal of a trial amendment rests in the discretion of the trial judge, and unless an abuse of discretion is shown the ruling of the trial judge will not be disturbed on appeal. Telegraph Co. v. Bowen, 84 Tex. 477, 19 S. W. 554; Dublin v. Railway Co., 49 S. W. 667; Fields v. Rye, 24 Tex. Civ. App. 272, 59 S. W. 306; White v. Bank, 27 Tex. Civ. App. 487, 65 S. W. 498; American Warehouse Co. v. Ray, 150 S. W. 763; Railway Co. v. Hengst, 36 Tex. Civ. App. 217, 81 S. W. 832. It cannot be said that there was an abuse of discretion on the part of the trial judge in permitting the amendment in this case. Appellants do not claim that any new facts were alleged by the amendment which they were not prepared to meet. They did not claim surprise, nor ask to have the case continued, and there is an entire absence of any showing that injustice or injury was done them by the ruling permitting the filing of the amendment. The assignment cannot be sustained.

[2, 3] The second, third, fourth, and fifth assignments are grouped and presented together. The assignments raise different questions, and as presented do not require our consideration. But, waiving this objection to considering the assignments, there is no merit in appellants' contention thereunder that appellees, having failed to prove possession and claim for 10 years of the specific tracts of land described in their petition, were only entitled to recover to the extent of their actual possession. Under the undisputed evidence each of appellees had held actual possession of a portion of the Morgan league, claiming 160 acres thereon, for more than 10 years before this suit was brought. These facts entitle each of them to 160 acres of said league. Having failed to show that they had been claiming for 10 years the identical 160-acre tracts described in their petition, they failed to show title to said tracts; but under their alternative pleading and the undisputed evidence, showing that the tracts described were of no greater value than the remainder of the league and that to allot said tracts to them would be a fair and equitable partition, the court was authorized to instruct the jury to return a verdict for each plaintiff for 160 acres and allot to them the land described in their petitions. La. & Tex. Lbr. Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; La. & Tex. Lbr. Co. v. Stewart, 130 S. W. 199.

[4] Under their sixth and seventh assignments of error appellants contend that, because the shape of that end of the Morgan league on which appellees made their settlements is such that, if either of appellees were given a tract of 160 acres to include his improvements, such tract, if located in its reasonable and natural position on said league, could include a portion of the 160-acre tract claimed by the other appellee, appellees have been claiming the same land, and neither of them could recover any portion of the land not actually occupied by him. The answer to this contention is that the undisputed evidence shows that appellees have not been claiming the same land. Appellants were not in possession of any part of the Morgan league, and the actual possession of each of plaintiffs for the time prescribed by the statute, coupled with the claim of 160 acres, would, under the statute, give each of them title to an undivided 160 on said league. The fact that, if the location of 160 acres for one of them should be made without regard to the claim of the other, such location and designation, if made with due regard to the shape of the league and what would be a fair partition between one plaintiff and the defendants, would cover a portion of the land claimed by the other plaintiff, does not destroy the right of each plaintiff to acquire a title under the statute to 160 acres of the league. Their claims were separate and distinct, and they had agreed upon a boundary between them. The actual possession and occupancy of each gave notice to the owners of the league that such occupancy would entitle each to 160 acres, and the owners could not presume that they were claiming the same land.

In the case of Morris v. Jacks, 96 S. W. 637, cited by appellants, the defendants were in actual possession of different portions of a tract of land, and each of them were claiming the entire tract of 100 acres. Neither of them had any title to the land, and it was held that neither of them had constructive possession of the unoccupied portion of the tract against the other. The case of Wiley v. Bargman, 90 S. W. 1116, also cited by appellants, holds that when two persons are in actual possession of the same tract of land, and there is nothing to show the boundaries of the portion actually occupied and claimed by either, the possession of neither is exclusive, and neither is entitled by such possession to recover against the owner any portion of the land. Neither of these cases sustain appellants' contention that under the facts in this case plaintiffs' possession and claim were not such as to entitle each of them to 160 acres of the Morgan league.

The remaining assignment complains of the judgment of the court in favor of appellees jointly for the two tracts of land described in their petition.

[5] As we have before said, under the undisputed evidence plaintiffs were each entitled to have the court award him 160 acres of the Morgan league. The land adjudged to them jointly is less than 320 acres and is located with due regard to appellants' right to a fair and equitable partition as between them and appellees. If appellees are content to have their land set apart to them jointly, appellants are in no way injured thereby, and we do not think they can complain of the judgment on this ground.

We are of opinion that the judgment of

the court below should be affirmed, and it has been so ordered.

Affirmed.