DAVIES v. RUTLAND. (No. 6312.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1920.)

1. COURTS ⬅247(7)—CAUSE HELD NOT CONFLICTING WITH FORMER DECISION SO AS TO REQUIRE CERTIFICATION TO SUPREME COURT.

In an action for land in which defendant pleaded a parol sale to him, a holding that plaintiff was precluded from introducing under the general denial interposed by statute evidence showing that the property was a homestead of himself and his wife, and that the sale was therefore void, held not in conflict with another case holding that defendant had failed to establish prima facie title by agreement or estoppel as pleaded by him so that there was no necessity for avoidance, and the latter case need not be certified to the Supreme Court because of conflict.

2. PLEADING ⬅382(2)—MATTER IN AVOIDANCE OF DEFENDANT'S PLEADED TITLE MUST BE PLEADED TO WARRANT INTRODUCTION OF EVIDENCE.

In an action to recover land and rental defended on the ground of title by agreement or estoppel, plaintiff may offer evidence in rebuttal under a general denial, which is interposed by statute, but when he offers evidence in avoidance he must plead the facts relied upon to avoid defendant's pleaded title.

3. BOUNDARIES ⬅33—ESTOPPEL ⬅116—BURDEN UPON DEFENDANT IN ACTION TO RECOVER LAND TO ESTABLISH TITLE BY AGREEMENT OR ESTOPPEL.

In an action by vendee for the recovery of land together with its rental value, the burden was on defendant, the vendee of adjoining lands, to establish facts sufficient to make out a prima facie title by agreement or estoppel as to boundaries as pleaded.

On motion to certify. Motion overruled. For original opinion, see 219 S. W. 235.

MOURSUND, J. [1] There is no merit in the contention that our decision (219 S. W. 235) is in conflict with the opinion in the case of Fields v. Rye, 24 Tex. Civ. App. 272, 59 S. W. 306. In that case the defendant pleaded a parol sale of the land to him. The evidence plaintiff sought to introduce under the general denial interposed in his behalf by statute was not that no parol sale had ever been made, but that, if made, it was not binding because the premises constituted a homestead. The distinction is obvious. It is apparent, we think, from our previous opinions that we hold that defendant failed to establish a prima facie title by agreement or estoppel as pleaded by him. This being the case, there is no room for invoking any rule applicable to matter in avoidance, for there was no necessity for avoidance. It is clear that there is no conflict between our decision and the one above mentioned.

[2] In said case of Fields v. Rye the court used the language:

"In the case of McSween v. Yett, 60 Tex. 183, the Supreme Court held that when a defendant, in an action of trespass to try title, pleads his title, the plaintiff, in order to introduce testimony in rebuttal or avoidance of such title, must make his allegations, as in other cases, correspond with such testimony, citing Paul v. Perez, 7 Tex. 338, and Rivers v. Foote, 11 Tex. 671."

Appellee underscores in his motion the words, "rebuttal and avoidance," but, when these words are considered in connection with the clause following them, it is clear that the court meant to hold that, when evidence is offered in rebuttal, plaintiff must have an allegation such as he would be required to have in other cases, which would be simply a general denial, and that is interposed by statute, and, when he offers evidence in avoidance, he must, as in other cases, plead the facts relied on to avoid the defendant's pleaded title. The case of McSween v. Yett, 60 Tex. 183, contains a similar general statement of the rule.

[3] In the case of Bauman v. Chambers, 91 Tex. 108, 41 S. W. 471, which was also a land case, it was expressly held that the statute interposing a general denial in behalf of plaintiff to defendant's special matter of defense was applicable, and that, defendant having alleged that a deed was executed for a certain purpose, the burden was upon him to establish such allegation, even though no denial thereof was filed. So in this case the burden was on appellee to establish facts sufficient to make a prima facie title, by agreement or estoppel, as pleaded, and he failed to do so.

The motion is overruled.