**SAN JACINTO LUMBER CO. et al. v. KERR.**

No. 10459.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1937.

Rehearing Denied Jan. 13, 1938.

J. R. Hill and R. E. Schneider, Jr., both of Houston, for San Jacinto Lumber Co. and Hamlin L. Hill.

W. L. Hill, of Houston, pro se.

Fulbright, Crooker & Freeman, of Houston (Chas. A. Perlitz, Jr., of Houston, of counsel), for A. E. Kerr.

GRAVES, Justice.

This statement, the substance of which is taken from different ones of those contained in the appellee's brief, is found in all material respects to be correct:

"About the year 1925, John Henry Kirby, as a pure accommodation to W. L. Hill, indorsed certain notes for W. L. Hill at The First National Bank of Houston. These notes were from time to time renewed and increased until in 1928 Mr. Kirby had indorsed W. L. Hill's note at such bank for the principal sum of $20,000.00. The last note thus indorsed was dated July 17, 1928, and became due on August 16, 1928. When this note became due the bank refused to renew the same and demanded payment. W. L. Hill was unable to pay the note, and Kirby having indorsed it was required to and did pay it. It was paid first by Mr. Kirby giving his own personal note to the bank, which note he paid off in cash about six months later. W. L. Hill, by reason of such payment having been made by Kirby, thus became indebted to Kirby for the $20,000.00 plus interest.

"After Kirby had paid the note he of course wanted reimbursement from W. L. Hill, or some security for the debt. On October 10, 1928, Hamlin L. Hill, the son of W. L. Hill, gave Kirby a general warranty deed to the land in question, a certain 200-acre tract in the George Green Survey, in Harris County, Texas. It was the intent of the parties, however, that the deed was to be a mortgage to secure Kirby on this indebtedness owed him by W. L. Hill. The deed was given by Hamlin L. Hill, as the title to the property stood in his name. He and his father, however, were associated together in business and Hamlin L. Hill gave this deed in order to secure the indebtedness which was owed by his father to Mr. Kirby.

"In order that Mr. Kirby might have some tangible evidence of this indebtedness due him by W. L. Hill, he later accepted a note executed by the said W. L. Hill as maker, covering the principal amount and interest then due on this debt.

"John H. Kirby was adjudicated a bankrupt in May, 1933, and all of his assets passed to A. E. Kerr, who was elected trustee of his estate. These assets, however, came to Mr. Kerr as trustee through the Southeast Texas Mineral Company, which was a corporation that Mr. Kirby had organized for the purpose of preserving his estate. All of the assets of this corporation belonged to Mr. Kirby and have been and are now being administered as a part of his bankrupt-estate.

"On October 19, 1934, Hamlin L. Hill, realizing that the property in question had been theretofore conveyed by him to John H. Kirby, nevertheless conveyed the property in question by general warranty deed to the appellant, San Jacinto Lumber Company, which was a corporation wholly owned and controlled by the said Hill, and in fact his agent and instrumentality. This was done even though Mr. Hill realized that Mr. Kirby, or his trustee in bankruptcy, had a lien on this property to secure the indebtedness due by W. L. Hill. As was testified to by Mr. Hill, this conveyance was made for the purpose of giving any innocent purchaser notice that the deed to Mr. Kirby was just a mortgage.

"Matters remained in this status until August, 1934, when the San Jacinto Lumber Company as plaintiff filed this suit against Kerr as trustee of the John H. Kirby bankrupt-estate in trespass to try title, for the purpose of cancelling and setting aside the deed, which had previously been given to Mr. Kirby. It came into court, and, in effect, asked the trial court, as a court of equity, to set aside the deed that was given by its predecessor-in-title and adjudicate the title in it. Mr. Kerr answered this proceeding, alleging that he was not guilty of the trespasses complained of and that he was entitled to this property by reason of the same having been conveyed to Mr. Kirby. He further alleged in the alternative that, if the deed was a mortgage, he was entitled to foreclosure of the lien he held to secure the indebtedness due by W. L. Hill, vouching in as parties W. L. and Hamlin L. Hill as individuals.

"The case proceeded to trial, and while the plaintiff was putting on its case, the above facts, with reference to the indebtedness due Mr. Kerr as trustee in bankruptcy of the John H. Kirby estate, and the deed which had been given to Mr. Kirby being intended as a mortgage to secure this indebtedness, were proven. Upon such facts being developed and after the plaintiff had rested, the appellee moved that the court instruct a verdict for him. The court accordingly instructed the jury to find in favor of Mr. Kerr as trustee and against W. L. Hill for the sum of $20,000.00 with interest from August 16, 1928, the date Mr. Kirby paid W. L. Hill's indebtedness, and that he have foreclosure against all the other parties of his lien and mortgage against the property in question.

"Judgment upon such verdict was rendered, and the court—at the request of the appellant—filed his findings of fact and conclusions of law, which appear in the transcript page 29, et seq.

"From this judgment San Jacinto Lumber Company and the two Hills have appealed."

Since the quoted statement as to the facts and procedure is supported by the detailed findings of fact of the learned trial court, which in turn were amply supported by the evidence presented by the appellants themselves it is only deemed further needful to here copy the supporting conclusions of law of the trial court as follows:

"I. W. L. Hill is now and was at the time of the trial of this suit indebted to A. E. Kerr, trustee in bankruptcy of the John H. Kirby Bankrupt Estate, in the amount of Twenty Thousand Dollars ($20,-000.00) with interest at the rate of eight per cent. (8%) per annum from August 16, 1928, to date of payment.

"II. A. E. Kerr as such trustee in bankruptcy has a valid and subsisting mortgage and lien on the property in question to secure the payment of the indebtedness described in the foregoing paragraph, such lien being created by reason of the execution and delivery of the deed from Hamlin L. Hill to John H. Kirby as described in the findings of fact filed herein, which lien secures payment of the indebtedness described in the foregoing conclusion of law.

"III. The lien of the said A. E. Kerr as such trustee is superior to any right, title, or interest Hamlin L. Hill and San Jacinto Lumber Company may have in and to said property.

"IV. San Jacinto Lumber Company since it was incorporated, and up to the date of the trial hereof, has been the agent and instrumentality of Hamlin L. Hill. San Jacinto Lumber Company was not an innocent purchaser for value of the land in question and when the deed in question was given to it, it had full notice of the lien against the land to secure the debt owed by W. L. Hill and that the debt had not been released or discharged.

"V. San Jacinto Lumber Company having full knowledge of the land being held as security for the debt owed A. E. Kerr as such trustee by W. L. Hill and fully realizing that the debt had not been discharged for which the land was held as security, is not entitled to any judgment in this proceeding which would give it title to the property free and clear of such liens, and that A. E. Kerr as such trustee is entitled to judgment against W. L. Hill for the amount of indebtedness due and owing, and foreclosure of the lien against said property to secure said indebtedness.

"Allen B. Hannay, District Judge."

After careful examination of the record, this court affirms the judgment so rendered; just how the appellants could have become entitled to have the deed to the land involved, which was so delivered to Mr. Kirby as a mortgage, set aside, without having first seen to it that the debt secured thereby had been paid in full, does not readily occur to this court, under the facts so found and these authorities: 41 Corpus Juris, 364; 29 Tex.Jur. p. 801; Hannay v. Thompson, 14 Tex. 142; Bateson v. Choate, 85 Tex. 239, 20 S.W. 64; Rincon Investment Co. v. White, Tex.Civ.App., 54 S.W.2d 1052.

Neither was the debt due the appellee barred by either the two or four years' statutes of limitation, Vernon's Ann. Civ.St. arts. 5526, 5527; it undisputedly appeared that on July 11 of 1931, W. L. Hill gave John H. Kirby his note for $24,666.63 for the accrued amount then due on the obligation arising out of the $20,000 debt Mr. Kirby had paid for Hill to the First National Bank; since there was no intention whatever between the parties that the new note was to operate as a release of the mortgage—quite the contrary, by the undisputed proof—the mortgage subsisted and persisted as security for this new note. Wilcox v. First National Bank, 93 Tex. 322, 55 S.W. 317; Belcher Land Mortgage Co. v. Taylor, Tex.Com.App. 212 S.W. 647.

Even had the debt been barred, however, in the circumstances otherwise appearing the appellants would not have been entitled to recover the land without discharging the lien against it anyway. Benn v. Security Realty & Development Co., Tex. Civ.App., 54 S.W.2d 146, writ refused; Hannay v. Thompson, 14 Tex. 142, supra.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; the order of affirmance will be duly entered.

Affirmed.

PLEASANTS, C. J., absent.