McCLELLAND et al. v. A. L. CARTER
LUMBER CO. et al.
No. 4296.

Court of Civil Appeals of Texas.

May 24, 1945.

Rehearing Denied June 13, 1945.

Dave E. O'Fiel, of Beaumont, for appellants.

Lipscomb & Lipscomb, of Beaumont, for appellees.

MURRAY, Justice.

The appellants, the heirs of V. E. McClelland, deceased, brought this suit in the district court of Jefferson County against A. L. Carter Lumber Company et al., appellees, in trespass to try title and for damages. Appellees claim title to the land involved under the foreclosure of a deed of trust. Appellants pleaded that the liens granted by their parents upon the property were invalid because they were not executed by the husband and wife in the manner required by statute. By trial amendment they allege that the foreclosure proceedings by which appellees acquired title to the land were invalid because the deed of trust under which the foreclosure was made had been extinguished by a subsequent deed of trust, which later instrument effected a novation and hence the trustee under the earlier deed of trust was without authority to execute a trustee's deed or to take any action thereunder. The court rendered judgment for the appellees upon an instructed verdict and appellants have perfected their appeal.

V. E. McClelland and wife, Fay McClelland, the father and mother of the appellants, were the owners of the land in controversy in July, 1926, at which time they built thereon buildings constituting the establishment known as "The Oaks." This was a well known restaurant and cafe, and the buildings included the kitchen and dining rooms of the cafe and the residence and living quarters of the McClelland family. A materialman's lien note for $12,158 was executed by them in 1926 to a building contractor who transferred the note and liens to A. L. Carter Lumber Company. Another note secured by a materialman's lien for $4,200 was given by them to another building contractor in 1927, which was transferred to the A. L. Carter Lumber Company. On June 1, 1928, a mechanic's and materialman's lien contract and extension agreement was executed by V. E. McClelland and wife to A. L. Carter Lumber Company, which recited the execution of the two former notes and liens, the validity of the liens, additional advancements for buildings and repairs, and agreeing to a rearrangement of times of payment, fixing the combined debt and liens securing same at $7,642.48. A deed of trust was executed by McClelland and wife to C. E. Locke, trustee, dated June 1, 1928, for the security of the payment of such $7,642.48 note. In 1940, after the death of both McClelland and his wife, foreclosure was made under this 1928 deed of trust and trustee's deed was executed and delivered to A. L. Carter Lumber Company. The Lumber Company shortly thereafter went into possession of the premises and removed some of the buildings and improvements situated on the premises. In 1930, McClelland and wife executed another mechanic's and materialman's lien contract to A. L. Carter Lumber Company in which it was recited that the Lumber Company was furnishing all of the material and labor for the building of another house on said property, reciting that another note of the same date as said contract, May 30, 1930, in the sum of $6,600, payable in monthly installments of $90, was executed and delivered to the Lumber Company, and further reciting that such note was in part for money advanced for labor and building material for the new improvements, and in part by way of renewal and extension for the balance due under the June 1, 1928, note in the original sum of $7,642.48. On the same day, another deed of trust was executed by McClelland and wife to C. E. Locke, trustee, for the benefit of A. L. Carter Lumber Company, as further security for such $6,600 note. This 1930 deed of trust contains the following provision: "It is expressly agreed that no other security now existing or hereafter taken to secure the payment of said indebtedness shall be in any manner impaired or affected by the execution of this instrument; and that no security subsequently taken by any holder of said indebtedness shall in any manner impair or affect the security given by this instrument; and that all security for the payment of the said indebtedness shall be taken, considered and held as cumulative, and that the taking of additional security shall at no time release nor impair any security by endorsement or otherwise previously given for the payment of the said indebtedness."

Upon the trial of the case, after some testimony had been introduced, the counsel for appellants announced to the court that one of the children of V. E. McClelland and Fay McClelland, deceased, had sued as a single woman but that she was then discovered to be married, and requested permission to withdraw his announcement of ready as to all of the parties plaintiff in the trial court in order that her husband might be made a party to the suit.

On appeal, the appellants by Point 1 complain of the action of the court in overruling their motion to withdraw announcement of ready. By Point No. 2, they complain of the action of the trial court in not requiring a finding by the jury as to the value of the improvements which had been torn down and removed by the appellees.

By their Points No. 3, 4, 5, 6, 7, 8 and 9, they complain in various ways of the action of the trial court in holding as a matter of law that no novation had been created by the execution of the deed of trust and mechanic's and materialman's lien contract and note of 1930, by instructing the verdict of the jury for the appellees.

As to the first point, the defect of one of the parties plaintiff by virtue of her coverture, discovered after the trial was begun, did not operate to prejudice the other appellants in any way. The trial court did not err in overruling the motion to withdraw the announcement of ready under the circumstances.

As to the question of novation, the authorities seem to be well in accord on the proposition that the intent of the parties is a necessary element in effecting a novation. In the absence of satisfactory proof to the contrary the presumption is that a debt has not been extinguished by the taking of a new evidence of that indebtedness, or merging the same with another debt of the same parties. Execution of a new note for a note secured is presumed not to extinguish the debt and persons relying upon a novation must establish the intention to release security already held. Cooper Grocery Co. v. Strange, Tex.Com.App., 18 S.W.2d 609; Street v. Smith Brothers Grain Co., Tex. Civ.App., 255 S.W. 778; 39 Am.Jur., 260–261.

We have examined all of the instruments in the record and the entire statement of facts in this case for the purpose of determining whether there is any evidence in the record indicating an intention of the parties to the 1930 mechanic's and materialman's lien and contract, note and deed of trust, to extinguish the 1928 indebtedness and deed of trust. We find no testimony indicating such an intention. On the contrary, the language of the provision in the 1930 deed of trust expressly negatives such an intention. We find that in 1934, after the death of his wife, McClelland executed an extension agreement with A. L. Carter Lumber Company, in which the 1928 note and lien are described and extended and no mention is made therein of the 1930 instruments. Such 1934 instrument also "renews and reaffirms the existence and validity of the lien securing payment of such indebtedness." We hold as a matter of law that no novation was effected by the 1930 instruments, and that no error is shown in the action of the trial court in so holding and in instructing a verdict and entering judgment thereon in favor of the appellees. It follows from our conclusions in regard to the question of novation that the other matters presented by appellants become unimportant on this appeal.

The judgment of the district court is affirmed.