**Andrea S. MARTINEZ,**
**Plaintiff-Appellant,**

v.

**TROPICAL SAVINGS AND LOAN AS-SOCIATION, Defendant-Appellee.**

No. 77–3033
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 8, 1978.

Texas Rural Legal Aid, Edinburg, Tex., E. Daniel Ramirez, Jr., for plaintiff-appellant.

Mitchell O. Sawyer, Edinburg, Tex., for defendant-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

Appellant Martinez filed suit against Appellee Tropical Savings and Loan Association, seeking damages under 15 U.S.C.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

§ 1640 for alleged violations of the Truth-In-Lending Act, 15 U.S.C. § 1601 et seq. The district court granted summary judgment for appellee.

The facts are not in dispute. In May 1973, appellee loaned appellant $7,400.00, to be used by appellant to purchase a home. Appellant executed a promissory note and deed of trust granting a security interest in the property to appellee. Appellant subsequently defaulted on the debt. In September 1974, after negotiation, appellee agreed to reinstate the loan. Appellant executed a new note but no new deed of trust. Appellee provided appellant with a "Loan Disclosure Statement" containing certain information as to the terms of the loan. This statement also provided that the 1974 loan was to be secured by the deed of trust. Appellant signed this statement.

Appellant argues here that the "Loan Disclosure Statement" fails to include certain information required by regulations 12 C.F.R. § 226.8(b)(3) (1974) and 12 C.F.R. § 226.8(d)(3) (1974), made applicable to refinancing by 12 C.F.R. § 226.903 (1974). Appellee agrees the information was not included, but argues its inclusion was not required, since §§ 226.8(b)(3) and 226.8(d)(3) don't require disclosure in the case of a loan "secured . . . by a first lien . . . on a dwelling and made to finance the purchase of that dwelling." 12 C.F.R. §§ 226.8(b)(3), 226.8(d)(3) (1974). Appellee argues the loan was secured by such a lien. Appellant argues that the 1974 negotiations resulted in a novation extinguishing the 1973 debt and the lien accompanying it, so that the note was unsecured.

We must look to state law to determine if the 1974 note was in fact secured by a lien. Our examination of Texas law convinces us that a novation occurs only if the parties so intend; and that where the parties expressly agree that the rights of the creditor under an existing lien shall be preserved, the lien remains in force even though a new note is substituted for the old one. *See: W. C. Belcher Land Mortgage Company v. Taylor*, Com.Tex.Civ.App.1919, 212 S.W. 647; *San Jacinto Lumber Company v. Kerr*, Tex.Civ.App.1937, 112 S.W.2d 333; *McGeorge v. Van Meter*, Tex.S.Ct. 1962, 358 S.W.2d 580; *McClelland v. A. L. Carter Lumber Company*, Tex.Civ.App. 1945, 188 S.W.2d 742.

 Here, the parties agreed in the Loan Disclosure Statement that the debt would continue to be secured by the deed of trust. Thus, under Texas law, the lien remained in force. The 1974 note was "secured by a first lien . . . on a dwelling and made to finance the purchase of that dwelling", so that appellee was not required to make the disclosures the lack of which is complained of here.

JUDGMENT AFFIRMED.