## S. R. Mexia and Husband v. Josephine Lewis and Husband.

### No. 12.

1. **Plea of Coverture, When not Available.** — When it appears that the plaintiff, a married woman, did not acquire the title to the land sued for until sometime after it had been in adverse possession of the vendor of defendant, her plea of coverture is unavailing to defeat the statute of limitation relied on by defendant.

2. **Limitation of Ten Years.**—After having made a deed to third parties for a part of the land in litigation, Doss, by himself and tenants, continued in possession undisturbed by his vendee, and afterward again sold the land to Lewis, the defendant in this suit. Notwithstanding his deed to the Massieu heirs, Doss' possession was adverse as to all others, and his second vendees, Lewis, could use such possession to maintain their plea of ten years adverse possession, although plaintiffs deraigned their title through said heirs; it appearing that the deed from Doss to said heirs was made in a compromise settlement of a disputed boundary, and was claimed by Doss to have been fraudulently obtained, and his possession never surrendered.

3. Suit to Recover Homestead—Wife not a Party.—This is a second suit. In the first the wife was not made a party. There was recovery of the land in the first suit by appellant. The wife was not bound by the first judgment against her husband for such of the land as was their homestead, and occupied as such when the first suit was instituted, nor for that part of it inherited from her father.

4. Land Subsequently Purchased.—After the first judgment against the husband, he purchased the interest of two of the heirs in a part of the land now sued for, and which had been recovered by appellant in the first suit. As to that part of the land, the first judgment was conclusive against the wife, because, although used as a homestead at the time the judgment was rendered, it does not appear that title was acquired until after the institution of the suit, hence the homestead rights of Mrs. Lewis to such portion of the land were subject to the suit.

5. Homestead Right—Abandonment.—The homestead right was not put in issue in the first suit, and the judgment therein was inoperative against the land occupied as such when the suit was instituted, and it could not be put in operation by a subsequent abandonment of the land as a homestead, and a charge on abandonment was properly refused. Associate Justice Pleasants concurs in the disposition of the case, but does not assent to the conclusion that the first judgment was inoperative on the part of the land used as a homestead.

6. Appellate Judge, When not Disqualified.—This case was tried below before Hon. F. A. Williams, Associate Justice, when he was on the district bench; but it is the unanimous opinion of the court that he is not for that reason disqualified to sit in this case.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS.

*Thomas B. Greenwood,* for appellants.—1. The homestead right of the wife can not be legally set up to protect the possession of the husband and wife as against a judgment which has been legally rendered by a court of competent jurisdiction against the husband for the land, when, at the time the homestead right is asserted, the land has been leased out and abandoned as a homestead and another homestead acquired. Goff v. Jones, 70 Texas, 572; Allison v. Shilling, 27 Texas, 450; Brewer v. Wall, 23 Texas, 585; Jordan v. Godman, 19 Texas, 273; Stewart v. Mackey, 16 Texas, 57; Lee v. Kingsbury, 13 Texas, 68; Slavin v. Wheeler, 61 Texas, 654.

2. The court erred in the following instruction to the jury: "If Doss, under whom defendants claim, had held adverse possession prior to the time when defendant took possession, if he did so, and if such possession of Doss or his heirs continued up to the time defendants entered, then not only the time of defendants' possession, but that also of Doss and his heirs is to be counted;" because it was error to charge that Doss ever had possession after he conveyed to Mexia in 1874, and caused the jury to compute the time that Doss may have held prior thereto. 9 Am. and Eng. Encycl. of Law, 357; 2 Black. Com., 201.

As to title by gift: 2 Black. Com., ch. 15.

3. The court erred in refusing to give the following special instruction requested by plaintiffs: "The jury are instructed, that if they believe from the evidence that Josephine Lewis has abandoned the land in controversy as her homestead, and has acquired another and a different homestead, that they will find for the plaintiffs for the land in controversy." Stewart v. Mackey, 16 Texas, 57; Brewer v. Wall, 23 Texas, 585; Goff v. Jones, 70 Texas, 572.

4. The verdict was contrary to the evidence and contrary to the following instruction given to the jury: "The former judgment will preclude the defendants from claiming any part of the land sued for except such of it as was their homestead. If any part of the land sued for was not embraced in their homestead when that judgment was rendered, you will find that for plaintiffs, specifying what it is, whether defendants have shown ten years possession of it or not. The homestead will consist of 200 acres of land, including the improvements."

*Gregg & Reeves*, for appellees.—1. The rules heretofore obtaining under prior Constitutions, that a mortgage upon or bond for title to the homestead given by the husband alone can be enforced after an abandonment of the homestead, has no application under the Constitution of 1875; and under no Constitution could this be extended so as to give validity to judgments or other conveyances which at the time of their creation were valid and imperative. Const. 1875, art. 16, sec. 50; Goff v. Jones, 70 Texas, 572.

2. Under a plea of limitation, in computing the time that land was held in adverse possession, the time is reckoned in which the land was in the possession of one who bought from defendants' vendor, but afterwards on a cancellation of the sale returned the land to defendants' vendor.

GARRETT, Chief Justice.—This is an action of trespass to try title to recover 150 acres of land in Anderson County, brought by the appellant S. R. Mexia, joined by her husband, against Josephine Lewis and her husband, Joe Lewis. Defendants pleaded not guilty and ten years statute of limitation. Plaintiffs replied, setting up coverture of Mrs. Mexia and a former judgment against the husband, Joe Lewis, for the same land. In the first supplemental answer defendants replied, that the land sued for, at the time of the institution of the former suit and for a long time prior thereto, and then, was the homestead of Mrs. Lewis and her husband; that Mrs. Lewis was not a party to the suit, and the judgment rendered therein was not binding upon her for any purpose.

There was a trial by jury, and verdict and judgment were in favor of the defendants.

The questions, as indicated by the statement of the pleadings, are: (1) Whether or not the evidence showed title in the community estate of

Lewis and his wife under the ten years statute of limitation before the bringing of the first suit against him alone, the effect of the first suit being in any event to disturb the possession of the wife. (2) If such title was shown, then as to the effect of the judgment rendered against the defendant Joe Lewis alone in the first suit for the recovery of the land, the same being at the time the homestead of Lewis and his wife, when pleaded in this suit against both of them for the recovery of the same land.

There was evidence adduced on the trial tending to show an abandonment of the land as a homestead by Lewis and wife after the institution of the second suit, and the court was requested to instruct the jury to find for the plaintiffs if they believed from the evidence that the wife had abandoned the land in controversy as a homestead, and had acquired another and a different homestead. The refusal of the court to give the requested instruction has been assigned as error.

Appellants also contend, that the finding of the jury is contrary to the law and the evidence, in the fact that a part of the land in controversy is not included in the homestead tract, and that the former judgment would preclude the defendants from claiming so much of the land as was not embraced in the homestead.

We find the facts to be as follows:

1. On November 15, 1886, appellants brought a suit in the District Court of Anderson County against Joe Lewis for the recovery of the land involved in this suit. His wife, Josephine Lewis, was not made a party to that suit. Appellants recovered judgment against Lewis for the land in controversy on November 23, 1887. A writ of possession was issued, but the wife, Josephine Lewis, refused to surrender possession, and this suit was instituted.

2. Plaintiffs deraigned title from the sovereignty of the soil down to J. P. Doss, who is common source. They then introduced a deed from J. P. Doss to the heirs of one Massieu for the land sued for, dated February 21, 1874, and title from the Massieu heirs to the appellant Mrs. Mexia by deed to her, dated May 3, 1881. Mrs. Mexia was under coverture from 1868 to the time of the trial.

3. The deed from Doss to the Massieu heirs was made in a compromise settlement of a boundary. Doss never surrendered possession of the land, but on the contrary, claimed that Mexia, who represented the Massieu heirs in the controversy about the boundary, had obtained the conveyance fraudulently, and asserted that he was still the owner of the land, and so claimed the same, as the evidence shows, from 1875 until he sold a portion thereof to Lewis, and the balance until his death.

4. In 1878 Doss sold two tracts of land to Lewis, one of 65 acres and the other of 115 acres, which embrace the greater portion of the land in

controversy; but deeds were not executed until 1882, although Lewis went immediately into possession in 1878, claiming under Doss.

5. Prior to the sale to Lewis, Doss held possession of the land sold to Lewis, claiming it as his own, cultivating the same, and paying taxes thereon from the year 1875 down to said sale; and of the portion not included in said sale until his death in 1886. Such possession was held by himself and by tenants claiming under him. But at one time Doss gave the land afterwards conveyed to Lewis, by a verbal gift to his daughter, Mrs. Speer. She and her husband went into possession of the land and made improvements thereon. Afterwards, on account of his wife's health, Speer gave the land up and Doss paid him for his improvements.

6. When Doss died, in 1886, Mrs. Lewis, who was his daughter, inherited one-third of his estate, including the Doss homestead, a part of which is embraced in the land in controversy. Afterwards, on November 20, 1886, Mrs. Wolverton, another daughter, joined by her husband, conveyed to the defendant Joe Lewis her interest in the Doss homestead; and on November 30, 1886, Mrs. Speer conveyed her interest to Lewis, and Lewis and his wife occupied the same as a part of their homestead. The only heirs of Doss were Mrs. Lewis, Mrs. Wolverton, and Mrs. Speer.

7. At the time of the institution of the first suit Lewis and his wife occupied and used as a homestead that portion of the land in controversy embraced in the two conveyances from Doss to Lewis. At the date of the judgment in said suit they were occupying all of the land in controversy, using, cultivating, and enjoying it as their homestead.

8. In February, 1891, sometime after the institution of this suit, and about two months before the trial in the court below, Lewis rented out the homestead, embracing the land in controversy, to some negroes, for the year 1891, and moved his family to a place about four miles from town, where church and school accommodations were better, and Mrs. Lewis was pleased with the change. The deed to the new place stood in the name of Mrs. Lewis. This is all the evidence as to the abandonment of the homestead.

From the foregoing facts we have reached the following conclusions of law:

1. Since it was shown that Mrs. Mexia did not acquire title to the land in controversy until 1881, and that the land had then been in the adverse possession of Lewis and of Doss for sometime prior to that date, her plea of coverture is of no avail.

2. Doss' possession of the land was as to all others adverse, notwithstanding his deed to the Massieu heirs; and the defendants successfully maintained their plea of ten years limitation by proof of adverse possession of that portion of the land which was their homestead at the time of the institution of the first suit, for the requisite period prior to the institution of said suit, by J. P. Doss, his tenants, and his vendee, Joe Lewis,

the defendant. There is no merit in the contention of appellants, that Speer and his wife did not hold the land adversely to them under the same claim by which Doss held it, because they held it only by a verbal gift from the latter to his daughter, even if it should appear that Speer occupied it under the gift after the conveyance by Doss to the heirs of Massieu in 1874, about which there is a conflict of evidence, for Speer and his wife went into possession of the land in subordination to the claim of Doss, improved it, and acquired a good equitable title from him, and were in a position to enforce specific performance of his agreement to convey, although it was verbal.

3. The defendant Josephine Lewis was not bound by the judgment rendered November 23, 1887, in the first suit against her husband, Joe Lewis, for such of the land as was their homestead when that suit was instituted and her interest in the balance which was inherited from her father's estate, although it was the same land that is now in controversy, and the larger portion may have been acquired by such operation of the statute of limitations as would render it community property. Freeman v. Hamblin, 1 Texas Civ. App., 157. But as to that part of the land conveyed to Lewis by Mrs. Wolverton and Mrs. Speer after the suit was brought and before judgment was rendered, the judgment would be conclusive against her, because, although it was in use as a part of the homestead at the time the judgment was rendered, the title does not appear to have been acquired by them until after the institution of the suit; hence the homestead rights of Mrs. Lewis to such portion of the land were subject to the result of the suit. The judgment in the first suit was conclusive of the rights of Lewis as they existed at the time of its rendition, and not at the date of the institution of the suit.

4. As to all of the land which was used and occupied as a homestead by Lewis and wife at the time of the institution of the first suit, the judgment obtained against Lewis in that suit was inoperative and of no effect as to either Lewis or his wife. Mrs. Lewis was not a party to that suit, and the homestead right was not put in issue. Whatever may be said of the character of the homestead estate, it is considered as an entirety, and the interests of the husband and wife are not separable. Campbell v. Elliott, 52 Texas, 157. The judgment against Lewis could have no prospective effect, and if at the time of its rendition it was inoperative, it could not be put into operation by a subsequent abandonment of the land as a homestead. By reason of its covenants a deed for the homestead executed by the husband alone is made effective to pass whatever title he had after the abandonment of the homestead right; yet in this instance the title does not pass by the deed, but arises by way of estoppel or rebutter on account of the covenants in the deed. Irion v. Mills, 41 Texas, 313.

5. As we are of the opinion that the first judgment was inoperative as to all that part of the land used as a homestead at the time of the institution of the suit, it follows that there could be no error in refusing to give in charge to the jury the requested instruction with regard to the abandonment of the homestead; but we doubt if under the state of the pleadings such a charge, although it contained a correct proposition of law, should have been given. Plaintiffs did not plead subsequent abandonment in reply to the defense that the land was the homestead of the defendants. McSween v. Yett, 60 Texas, 183.

6. We find no error in the charge of the court.

The judgment of the court below will be affirmed as to all of the land in controversy included in the two deeds from J. P. Doss to Joe Lewis, and the separate interest of Mrs. Lewis in that portion not included in said deeds inherited by her from her father; but as to the remainder, it will be reversed and the cause remanded.

*Affirmed in part.*
*Reversed and remanded in part.*

Delivered January 12, 1893.

PLEASANTS, ASSOCIATE JUSTICE, dissenting.—I concur in the judgment of the court, but I respectfully dissent from some of the views expressed in the opinion. I am not prepared to assent to the proposition, that the judgment previously rendered for the appellants against the husband of the appellee Josephine Lewis was void both as to her and her husband. In my opinion the judgment against the husband was conclusive as to him; and while it was inoperative as to the wife, she not having been made a party to the suit, so long as the premises were occupied as their homestead, yet had the premises been abandoned before the judgment in this suit was rendered, the judgment in the former suit against the husband alone would have given title to the appellants to the premises, exempt from all right or claim of homestead by the wife. The case of Campbell v. Elliott, 52 Texas, cited in the opinion, simply decides that a judgment foreclosing a mortgage given by the husband alone upon the homestead of himself and wife was void, and binding upon neither the husband nor the wife. That case, therefore, does not sustain the proposition, that a judgment against the husband in suit of trespass to try title is void, unless the wife be made a party to the suit, when the land sued for is occupied as a homestead. In this case the appellants did not plead abandonment in avoidance of the wife's claim of homestead, and therefore the refusal of the judge to give the instruction requested by appellants upon the subject of abandonment was not error.

Delivered January 12, 1893.

CERTIFICATE OF DISSENT.

Upon the motion of the appellants in this cause, the point of dissent of Hon. H. Clay Pleasants, Associate Justice, is certified to be as follows:

On November 23, 1887, the greater portion of the land in controversy was the homestead of the appellees and community property. At that date, in a suit against Joe Lewis (the husband) alone, the appellants recovered a judgment for the land in controversy. A writ of possession was issued, but the wife, Josephine Lewis, refused to surrender possession, and this suit was brought against both of them. Plaintiffs set up the former judgment against the husband, Joe Lewis, alone for the land; to which the defendants replied, that at the time of the institution of the former suit, and for a long time prior thereto, and then, the land sued for was the homestead of the defendants; that Mrs. Lewis was not a party to the said suit, and that the judgment rendered therein was not binding upon her for any purpose.

On the trial evidence was admitted tending to show an abandonment of the homestead by the defendants since the rendition of the judgment in the first suit, and since the institution of the present suit; and the plaintiffs requested a charge to the effect, that if the jury should believe from the evidence that the defendants had abandoned the land in controversy as a homestead since the rendition of the judgment against the husband in the first suit, they would find for the plaintiffs.

The majority of the court held, that the defendant Josephine Lewis was not bound by the judgment rendered November 23, 1887, in the first suit against her husband, Joe Lewis, for such of the land as was their homestead when that suit was instituted; that said judgment was inoperative and of no effect as to either Lewis or his wife, and could have no prospective effect or be put in operation by a subsequent abandonment of the land as a homestead. A doubt was expressed also whether the charge requested should have been given, even if it contained a correct proposition of law, because the plaintiffs did not plead a subsequent abandonment in reply to the defense that the land was the homestead of the defendants.

Judge PLEASANTS dissents from the conclusion, that the judgment in the cause of Mexia v. Joe Lewis was inoperative, and holds, that it would be conclusive against both defendants upon a subsequent abandonment of the land as a homestead; but he concurs in the disposition of the case, because there was no pleading under which the issue could have been submitted to the jury.

This cause was tried below before the Hon. F. A. WILLIAMS, Associate Justice, when he was on the district bench, but it was and is the unanimous opinion of the court that he is not, for that reason, disqualified to sit in this cause.

It is ordered, that the clerk of this court certify to the honorable Supreme Court, now in session at Austin, a copy of this order, and of the opinion and dissenting opinion, as well as of the judgment of the court below.

*In the Supreme Court, April 27, 1892.*—The question of dissent held not material to a decision of the case, and it was dismissed for want of jurisdiction.