HARPER v. STEWART et al.   (No. 7375.)

(Court of Civil Appeals of Texas. Dallas.
June 26, 1915. Rehearing Denied
Oct. 16, 1915.)

1. TRESPASS TO TRY TITLE ⊚⇒27—JUDGMENT
—PARTIES.

A judgment for plaintiff in an action of
trespass to try title was void where the land at
the time was the homestead of defendant and
his wife, but the wife was not a party to the
suit, and it was not res judicata in a subse-
quent action against the husband, though the
wife had in the meantime died childless, as the
homestead interest is analogous to an estate by
the entirety, and the interests of the husband
and wife are not separable.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. § 33; Dec. Dig. ⊚⇒27.]

2. INJUNCTION ⊚⇒109—ENJOINING TRESPASS-
ES—DEFENSES AND COUNTERCLAIMS.

In a suit to enjoin trespasses upon lands,
it was proper for defendant to deny plaintiff's
title and assert ownership in himself and to
set up a claim for damages for being unlawfully
dispossessed of his lands during the time plain-
tiff had asserted title and ownership.

[Ed. Note.—For other cases, see Injunction,
Cent. Dig. § 187; Dec. Dig. ⊚⇒109.]

3. APPEAL AND ERROR ⊚⇒1010 — REVIEW —
QUESTIONS OF FACT.

Where an issue of fact was not requested to
be submitted to the jury, but was determined
by the court, the Court of Civil Appeals could
only inspect the evidence to ascertain whether
the finding was supported thereby.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3979–3982, 4024; Dec.
Dig. ⊚⇒1010.]

Appeal from District Court, Kaufman
County; F. L. Hawkins, Judge.

Action by Y. H. Harper against Cicero
Stewart and others. From a judgment for
defendants, plaintiff appeals. Affirmed.

Bumpass & Crumbaugh, of Terrell, for ap-
pellant. Huffmaster & Huffmaster, of Kauf-
man, for appellees.

RASBURY, J. Appellant, Harper, sued
appellees, Cicero, Gus, Guy, Buck, and Dan
Stewart, alleging that he was the owner of
certain lands in the town of Lawrence, Kauf-
man county, Tex., including block 41 thereof,
and that appellees were interfering with his
use and enjoyment thereof by disputing his
title thereto, thereby preventing him from
selling or renting same, whereby said prem-
ises had been vacant for a period of six
months. Judgment was sought for damages
for the use and rental of said premises at
$10 per month for six months, and for in-
junction pendente lite, restraining the ap-
pellees from disputing his title, trespassing
upon, occupying, or using his premises or in-
terfering with his tenants. Upon filing the
petition injunction was issued in the terms
prayed for. Subsequently all the appellees,
except Dan Stewart, in response to the suit,
tendered the general issue. Dan Stewart, in
effect, pleaded that said block 41 was his
homestead, notwithstanding which the appel-
lant, prior to the commencement of his suit,

unlawfully entered thereon and took posses-
sion of same, and has since, without right,
asserted ownership therein. By cross-action
said Dan Stewart charged, among other mat-
ters, that by the issuance of the said in-
junction he was deprived of the use of his
said homestead premises for a period of sev-
eral months, whereby he was damaged in the
sum of $10 per month, for the reason that
said injunction was unlawfully procured.
By appropriate pleading appellant denied
that block 41 was appellee Dan Stewart's
homestead, or that he had been damaged as
alleged, and, in addition, pleaded the facts
constituting his title thereto. There was
trial by jury to whom was submitted the
facts upon special issues. Upon the find-
ings of the jury the court by appropriate
judgment decreed the title to block 41 to be
in Dan Stewart, and awarded him $147.50
damages for loss of rentals. The injunction
as to the other lands was perpetuated
against all the appellees. From the judg-
ment thus outlined, this appeal is taken.

The essential and material facts adduced
at the trial are, in substance, these: Dan
Stewart and wife married in the year 1897.
In the year 1900 he bought block 41 in Law-
rence from Sarah E. King, and moved there-
on with his wife, occupying and using same
as their homestead, although he did not se-
cure deed until March 19, 1901. Stewart and
his wife lived upon block 41 eight years.
In 1908 Stewart, who by occupation is a
machinist, was employed in the town of
Talty. While so employed he went to and
from his place of employment to Lawrence
where his wife remained until the spring of
1909, at which time he rented a residence in
Talty, whence he removed his wife and
household goods. When Dan Stewart and
his wife removed to Talty they did so tem-
porarily, intending to return to Lawrence
when his employment permitted. They did
leave Talty in September, 1911, and returned
to Lawrence. They attempted, but failed, to
secure possession of their homestead, due to
the refusal of one Rhodes to surrender pos-
session of same. Rhodes went in possession
of the premises as a tenant of Stewart, and
claimed to have leased the house for a year,
which had not expired, while Stewart
claimed his tenancy was from month to
month. Except for a short period of time
at Terrell, Stewart and wife continued to
live in Lawrence after their return from
Talty, maintaining block 41 was his home-
stead, and attempting to secure possession of
same until the commencement of this suit.

In the meanwhile appellant had recovered
judgment in the district court of Kaufman
county upon simple debt against Cicero and
Dan Stewart. Upon that judgment execu-
tion was issued and levied by the constable
March 21, 1912, upon certain lands, among
them being block 41. In the manner provid-

ed by law said block 41 was sold May 7, 1912, at public auction to appellant for the sum of $40. Thereafter, on May 8, 1912, said constable by deed conveyed said block 41 to appellant, Harper. Subsequently appellant sued Dan Stewart in statutory form of trespass to try title to recover block 41, conveyed to appellant by the constable's deed noted. In that suit Stewart defaulted and on August 1, 1912, judgment was entered decreeing that appellant recover of appellee Dan Stewart block 41, and awarded appellant writ of possession and costs. The judgment was not against Dan Stewart's wife, who was living at the time the judgment was rendered, and was not made a party thereto. In such connection it appears from the evidence that she died in the summer of the year 1913, childless. The sole issue submitted to the jury was this question:

"On August 1, 1912, the date of the judgment of the plaintiff against the defendant Dan Stewart, and at the time of the levying of the execution on said judgment and the sale of the land thereunder, was the land described in the answer of the defendant Dan Stewart the homestead of Dan Stewart and his wife, Bessie Stewart?"

The answer of the jury was, "Yes."

[1] It is first urged under appropriate assignment of error that the court erred in rendering judgment for Dan Stewart for the title and possession of block 41, for the reason that, such title and possession having been adjudicated between the same parties in a former suit, Stewart was concluded thereby, and could not again urge in a similar suit his title thereto; in other words, that the issue was res judicata between Stewart and appellant. We recognize the nearly universal rule that the judgment of a court of competent jurisdiction upon an issue litigated between parties or an issue which the parties might have litigated is conclusive in all subsequent controversies directly involving the same or incidental issues, and the citation of authorities is unnecessary in support of the rule. But obviously such rule would have no application if the judgment asserted as a bar was void. Such was the claim made in the court below in reference to the judgment of August 1, 1912, against Dan Stewart, and the contention is renewed in this court. Hence the inquiry is: Was that judgment void? And upon the facts presented by the record we conclude it was. As we have shown in our statement of the case, at the time of the sale of block 41 to appellant under execution, and at the time of the rendition of the judgment in the suit of trespass to try title divesting title out of Dan Stewart and investing appellant with title thereto, said block 41 was the family homestead of Stewart and wife and exempt from forced sale for the payment of the character of debt for which it was sold. As much is admitted by counsel for appellant, but the contention is made that Stewart, failing to plead his exemption in that suit,

was, on that issue, concluded thereby, and that, while the judgment against Stewart did not conclude the wife's homestead right, yet upon her subsequent death, which occurred before the filing of this suit, her right of use and occupancy being personal ceased, as did her husband's; in short, that Stewart's right of use and occupancy after the judgment against him was merely incidental to such right on the part of the wife. The precise question under facts nearly analogous was decided adversely to appellant's contention in the case of Mexia v. Lewis, 3 Tex. Civ. App. 113, 21 S. W. 1016. In that case, as in the instant one, judgment was secured against the husband, and not the wife, for lands constituting their homestead. Subsequently a second suit was filed, based on the claim that Lewis and wife had abandoned the homestead, which would in law entitle plaintiff to possession against both. In disposing of the case the court said:

"As to all of the land which was used and occupied as a homestead by Lewis and wife at the time of the institution of the first suit, the judgment obtained against Lewis in that suit was inoperative and of no effect as to either Lewis or his wife. Mrs. Lewis was not a party to that suit and the homestead right was not put in issue. Whatever may be said of the character of the homestead estate, it is considered as an entirety, and the interests of the husband and wife are not separable. The judgment against Lewis could have no prospective effect, and if at the time of its rendition it was inoperative, it could not be put into operation by a subsequent abandonment of the land as a homestead."

To the same effect is the case of Campbell v. Elliott, 52 Tex. 151, where it is said:

"The homestead estate is more analogous to an estate by entirety than that of joint tenancy, they having alike the four unities of interest, title, time, and possession, while the estate by entirety has the fifth unity of person; that this, unlike an estate of joint tenancy, can be vested in but two natural persons only, who are regarded as but one in law, who are seised not of an undivided moiety of the whole, but each takes an entirety and are seised per tout, but not per my, who cannot alienate separately, but must alienate jointly, who cannot sever at pleasure, but hold an estate which, while it remains theirs, is inseverable, who cannot have partition unless in a divorce proceeding severing their matrimonial relations, and who have not the right of survivorship, but upon the decease of either spouse the other continues to hold the entire homestead estate as such."

It is unnecessary to discuss the obvious purpose of the rule quoted, since, being the rule, no beneficial purpose could be attained in that respect. It is sufficient to say that by the rule of entirety, or, as said in Campbell v. Elliott, supra, by the rule per tout et non per my, the judgment of August 1, 1912, affected neither the homestead right of Stewart nor his wife and is void in that respect.

[2] It is also urged that in a suit to enjoin trespass upon lands it may not be urged as defensive matter that the party sought to be enjoined is, in fact, the owner of such lands, and to incidentally sue for damages resulting from the issuance of such injunction. We are unable to agree with the

contention. Appellant based his right to the injunction upon ownership. Appellee denied that appellant owned the land, and asserted ownership in himself. We can conceive no defense more natural or more responsive than such a one, nor one that more nearly subserves the purpose of the answer which is said to be to rebut the facts alleged by the petition. The claim for damages for being unlawfully dispossessed of his lands during the time appellant had asserted title and ownership was equally natural and responsive, and followed, as matter of course, if appellee was owner of the lands.

[3] It is also urged that the court erred in allowing appellee damages in the sum of $147.50, in effect, because such finding is not sustained by the evidence. This was an issue of fact not submitted to the jury, nor requested to be submitted to the jury, but which was found by the court. In such cases our duty and authority is circumscribed, being confined to an inspection of the evidence to ascertain whether the finding of the court is supported thereby. This we have done, and, without attempting to set out the evidence, we conclude that there is in the record sufficient testimony to support the finding in that respect.

All other assignments of error raise in a different way the issues already discussed, and for that reason will be overruled.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.