### J. H. CLEVELAND v. J. W. KINNEAR ET AL.

No. 4119. Decided February 18, 1925.

(268 S. W., 722).

Homestead—Improvements—Mechanic's Lien—Pleading.

The Constitution protects the homestead against the lien of a mechanic making improvements thereon except where the work is contracted for by a writing with the wife's acknowledgment as in case of conveyance thereof. A suit seeking lien for labor thereon which fails to allege such written contract does not show a case within the jurisdiction of the District Court where same depends solely on the foreclosure of the lien. (Pp. 366, 367).

Question certified from the Court of Civil Appeals for the Ninth District, in an appeal from Jefferson County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same as its answer.

The original petition sought foreclosure. An amended petition alleged a written contract acknowledged by the wife. Recovery on this was denied plaintiff in a judgment on demurrer, on the ground that the action was barred by limitation at the time the amendment asserting such contract in writing was filed.

*Howth & O'Fiel,* and *Lamar Hart,* for appellant. The filing of the amended petition seeking recovery upon the same grounds for the same debt, filed in the same suit, identified by the same number, and filed upon leave of the court, did not state a new cause of action, but simply a reiteration of the original cause stated in the plaintiff's original petition and said petition did not show upon its face that said debt was barred by the two years statute of limitation as was so found by the court, nor did the court hear evidence and determine this fact, but on the contrary it affirmatively showed that the debt was only about four months old at the time the suit was filed. Adams-Burks-Simmons Co. v. Johnson, 113 S. W., 176; Johnson v. Railway Co., 93 S. W., 433; Mayes v. Magill, 107 S. W., 363; Silver Valley Horse Co. v. Evans, 190 S. W., 794; Fuller v. El Paso Times Co.. 236 S. W., 455; Sherman Oil & C. Co. v. Stewart, 42 S. W., 241; Booth v. Packing Co., 105 S. W., 46; Townes on Texas Pleading, Page 315.

*Morris & Barnes,* for appellees.

The original petition did not invoke the jurisdiction of the court. Snyder v. Wiley, 59 Texas, 448; Sens v. Trentune, 54 Texas, 218; Fullenwider v. Longmoor, 73 Texas, 480, 11 S. W., 500.

The amended petition stated a new cause of action. Bigham v. Talbot, 63 Texas, 271; Phoenix Lumber Co. v. Houston Water Co., 61 S. W., 707; Booth v. Houston Packing Co., 105 S. W., 46; Ball v. Hagy, 54 S. W., 915; Pecos & N. T. Ry. Co. v. Rayzor, 106 Texas, 544, 172 S. W., 1103.

Plaintiff's claim is barred by the two year statute of limitation. Darrow v. Summerhill, 93 Texas, 92, 53 S. W., 680; Faires v. Cockerell, 88 Texas, 428, 31 S. W., 190.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals for the Ninth District has certified to the Supreme Court a question of law in this case.

J. H. Cleveland brought suit in the District Court of Jefferson county, Texas, against C. S. Jarnagin, J. W. Kinnear and wife, Ione Kinnear, and the A. L. Carter Lumber Company. The material allegations of his original petition are as follows:

That on or about October 1, 1920, plaintiff, who was a mechanic carpenter, was engaged by defendant C. S. Jarnagin to labor and work for him for wages at the rate of $1.12 per hour. That in pursuance of such arrangement he performed labor which amounted to $95.60, and of this sum Jarnagin paid him $36.50, leaving a

balance due of $59.10.  That said labor was performed by him on a house and other improvements being erected for defendants Kinnear and wife, situated in the Morning View Addition to the City of Beaumont, and which was their homestead.  That within thirty days after the accrual of said account plaintiff filed an itemized statement of his account and had it recorded in the laborer's lien records of Jefferson county.  By his suit he sought to foreclose this laborers' lien against the homestead property of defendants Kinnear and wife.

In a second count plaintiff alleged that the defendant J. W. Kinnear, desiring to make certain improvements on his homestead referred to above, entered into an arrangement with defendant C. S. Jarnagin, whereby Jarnagin was to act as contractor for Kinnear and Kinnear was to execute notes payable to Jarnagin, which notes were to be transferred to defendant A. L. Carter Lumber Company; that the Carter Lumber Company was to carry the payroll and advance the materials necessary for making the improvements contemplated.  That plaintiff was employed by the said Jarnagin and worked on the improvements being made for Kinnear on his homestead.  That he is entitled to be paid by either Jarnagin or Kinnear and to have a foreclosure of his laborers' and mechanics' lien against said homestead, for which he sues.  He prays for judgment against whomsoever may be found liable for the amount due him, and for foreclosure of his lien against the homestead of Kinnear, with sale as under execution.

The question propounded by the Court of Civil Appeals is this: "Was the original petition, as set forth in this certificate, sufficient to invoke the jurisdiction of the District Court on his plea to foreclose a lien on the homestead of Kinnear and wife?"

The amount involved being only $59.10, the jurisdiction of the District Court was, of course, dependent upon whether or not there existed a valid lien upon the homestead of Kinnear and wife subject to be foreclosed at the instance of plaintiff.

Section 50 of Article 16 of our Constitution protects the homestead against forced sale and makes invalid a lien against same for debts due for work and materials used in constructing improvements thereon, except "when the work and materials are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead."  A party seeking to foreclose a lien upon property which the petition itself discloses to be a homestead must allege in his petition the facts showing a compliance with the Constitution and statutes necessary to show the validity of the lien and that the homestead is subject thereto.  The failure to make such affirmative allegations makes the petition subject to a general demurrer.  McNeal v. City

of Waco, 89 Texas, 83, 33 S. W., 322; Case Threshing Machine Co. v. Camp County, 218 S. W., 1.

In this instance, giving the most liberal interpretation possible to plaintiff's petition, it cannot be said that he even remotely alleged a compliance with the constitutional requirements concerning the fixing of a valid lien by Kinnear and wife on their homestead for the improvements made thereon. He alleges an arrangement by which Kinnear was to execute notes to Jarnagin, to be transferred to the lumber company, and it is not intimated that Mrs. Kinnear joined in this arrangement in the manner required by the constitution. This allegation in fact negatives the idea that the contract contemplated by the constitution and statutes was made.

The petition wholly failed to allege the existence of a valid lien, and the cause of action pleaded was merely one for debt in the sum of $59.10. We therefore answer the question propounded in the negative.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified to the Court of Civil Appeals.

*Thos. B. Greenwood*, Associate Justice.
*William Pierson*, Associate Justice.