## SCOTT v. LEWIS.
### No. 3732.

Court of Civil Appeals of Texas. Amarillo.
Feb. 10, 1932.

Rehearing Denied May 11, 1932.

Reynolds & Heare, of Shamrock, Killough & Dotson, of Vernon, and Dewey Young, of Dallas, for appellant.

Small & Brown, of Wellington, for appellee.

HALL, C. J.

The Lewis Lumber Company filed this suit at the November term of the district court of Collingsworth county, 1930, to recover upon indebtedness for lumber and to foreclose a mechanic's lien upon 200 acres of land in that county.

Answer was filed by the appellants, setting up partial failure of consideration and that the property involved constituted their homestead at the time of the execution of the materialman's lien.

The case was continued upon application of Scott and wife at that term of the court, presumably on account of the illness of Mrs. Scott. At the April term, 1931, Attorney Templeton appeared, but the record does not show that he represented Scott and wife in the trial of the case. A motion for continuance was filed, signed by Scott and wife, and in the presentation of which they seem not to have been represented by attorneys. The court overruled the motion for continuance, and a judgment was entered at that term for the full amount of the indebtedness and a foreclosure of the mechanic's lien.

Appeal bond was filed the 18th day of June, 1931, and the transcript, which the record shows was applied for by M. Reynolds as attorney, was filed in this court the 24th day of August, 1931. The narrative statement of facts, signed by Reynolds & Heare, as attorneys for the Scotts, was filed in this court the same day. On October 2, 1931, Reynolds & Heare as attorneys for appellants tendered and had filed an amended appeal bond. No briefs were filed for either party, and on February 10, 1932, the appeal was dismissed for want of prosecution.

On February 25, 1932, a motion for rehearing was filed by appellants, which was overruled. On March 2, 1932, an application, signed by Dewey Young and Killough & Dotson as attorneys, was filed, asking permission to file a second motion for rehearing. This motion was granted April 13, 1932. The second motion for rehearing, signed by Killough & Dotson and by Dewey Young, was submitted May 3d, in which they move the court to set aside the order dismissing the case from the docket of this court and grant a rehearing and reverse the judgment of the lower court and remand the cause for the following reasons: (1) That the trial court erred in overruling appellants' motion for a continuance and forcing the appellants into trial, for the reason that appellants' attorney was a member of the Legislature of the state.

and was in attendance upon the Legislature during the session which ended May 23, 1931, and the trial was had in the trial court less than ten days from the adjournment of the Legislature, and appellants' attorney Young had not returned at the time of the trial. The second ground for rehearing is that the court erred in rendering judgment for plaintiff because plaintiff's pleadings were insufficient to authorize a judgment foreclosing a lien upon homestead property; and the third ground is that the court erred in rendering judgment against Mrs. Scott, for the reason that it appears from her answer that she is a married woman and the pleadings are insufficient to authorize a personal judgment against her.

The Act of 1929, 41st Legislature, chapter 7, § 1 (Vernon's Ann. Civ. St. art. 2168a), provides that in all suits pending in any court of this state at any time the Legislature is in session it shall be sufficient ground for a continuance if it is made to appear by affidavit that the party applying for such continuance or any attorney for any party to such cause is a member of either branch of the Legislature and is in actual attendance on the session of the same, and that the presence of such party or attorney is necessary to a fair and proper trial. The act further provides that, where the continuance is sought by reason of the fact that an attorney for such party is a member of the Legislature, the affidavit shall be made by both the party and his attorney.

 Senator C. C. Small was the attorney for the appellee, Lewis, in this case when the application for continuance was filed. The continuance was contested by him, and in his written contest he shows that the Legislature adjourned on May 23, 1931, and the contest was filed May 28, 1931; that he, together with Dewey Young, attorney for appellants, were both in the Legislature, and that he left Austin upon adjournment, and could have reached Wellington where the court was in session within about fifteen hours. The affidavit seeking the continuance was not signed by Attorney Young, as required by the act of the Legislature. Upon the state of the record, the trial judge properly overruled the motion for a continuance.

Upon the second ground set up in the motion for rehearing, it may be admitted that the plaintiff's petition is not sufficient as against a general demurrer, Cleveland v. Kinnear, 114 Tex. 364, 268 S. W. 722; but the record shows that the general demurrer was not urged to the petition nor considered by the trial court. It must therefore be considered as having been waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S. W.(2d) 533.

The third ground cannot be considered, for the reason that the appeal has been necessarily dismissed for want of prosecution. This is the only order which this court could have made, and we have no authority to reform and affirm a judgment which is not before us. It has been the custom of the Courts of Civil Appeals to set aside an order of dismissal for want of prosecution when good cause has been shown for failure on the part of appellant to brief the case within the time required by law and when the application is accompanied by proper briefs. Although the record has been on file in this court since August 24, 1931, and the appellants have had six different lawyers of recognized ability representing them at different times, they have not yet tendered any brief. An order of this court reinstating the case would result in a postponement for at least eight weeks, which would place the case at the heel of the docket, and it could not possibly be reached for submission until the next term of the court. We would not be justified in delaying the appellee in the collection of its debt for more than a year under the circumstances hereinbefore set out in detail. No equities are shown by any of the motions. We do not know why appellants have changed lawyers, and cannot say from the record before us that any attorney heretofore representing them is to blame for the condition in which we find the case. We must therefore hold the appellants only as responsible.

Because no brief has been filed or tendered, and because an unjust delay would be the result of granting the second motion, it is overruled.