**BLACK et ux. v. COMMERCIAL SECURI-
TIES CO.**
No. 10124.

Court of Civil Appeals of Texas. Galveston.
Jan. 9, 1936.

Rehearing Denied Feb. 6, 1936.

J. S. Bracewell, of Houston, for plaintiffs in error.

J. P. Markham, Jr., of Houston, for defendant in error.

LANE, Justice.

On the 6th day of January, 1931, Sidney L. Black and his wife, Hattie Black, were the owners of lots Nos. 10 and 11 in block 6 of Smith & Gibson addition, an addition to the city of Houston, Tex.

On the 6th day of January, 1931, said owners desiring to have certain improvements placed upon such lots entered into a written contract with Barrett Roofing & Asbestos Company, Inc., prior to making such improvements, to make the same, for which the owners agreed to pay such corporation the sum of $320. Evidencing the same to be paid under said contract or agreement, the owners, on the 6th day of January, 1931, executed and delivered to the corporation their joint promissory note, reading as follows:

"320.00      Houston, Tex., Jan. 6, 1931.

"For value received, I, we, or either of us, promise to pay to the order of Barrett Roofing & Asbestos Co. Inc., Three Hundred Twenty and no/100 Dollars, payable: $16.00 on the 6th day of February, 1931, and a like amount on the 6th day of each consecutive month thereafter until paid in full, the final monthly payment to be the amount of the balance then due, at the office of the Commercial Securities Company, Houston, Texas, with interest after maturity at the rate of 10% per annum until paid.

"This note including all installments thereon is secured by a Contract and Mechanic's and Materialman's lien. Failure to pay this note or any of the installments thereof when due, shall, at the option of the holder thereof, mature all of said installments then unpaid. In the event an attorney be employed to collect this note, or any installment thereof, by suit or otherwise, the makers hereof agree to pay a reasonable attorney's fee of not less than 15% of the amount then due. The parties hereto, whether maker, surety or endorser, hereby waive presentment, demand, protest and notice of non-payment; the endorsers and sureties hereby agree to extensions of time of payment hereof without notice to them of such extensions.

"[Signed]   Sidney L. Black
"Hattie Black."

To secure payment of the note, the owners, on the 6th day of January, 1931, jointly executed and delivered to the corporation a mechanic's lien upon the property.

At the time of the execution and delivery of the note and lien, the owners, Sidney L. Black and Hattie Black, were husband and wife and were at such time and prior thereto claiming and occupying and using said property as their residence homestead, and have continued to so use, occupy, and claim same, and are still so occupying, using, and claiming the same as such homestead.

On the 7th day of January, 1931, the next day after the execution and delivery of the two instruments, the corporation, the orig-

inal payee, for a valuable consideration sold, transferred, and delivered the two instruments to the Commercial Securities Company, a corporation.

On the 30th day of January, 1932, the Commercial Securities Corporation, the owner and holder of the two instruments, brought this suit against Black and wife, and for cause of action alleged and prayed as follows:

"That the total amount of the principal unpaid upon said note is the sum of two hundred nine and 50/100 dollars ($209.50), which amount has been declared due and payable, and all of which is now past due and in default. That in addition to said principal, plaintiff is entitled to recover interest at the rate of ten (10) per centum per annum from and after the 9th day of November, 1931, on said sum of $209.50, and further to recover as attorney's fees fifteen (15) per cent. of the total amount of such principal and interest, and the further sum of one and 25/100 dollars (1.25), which has been paid by plaintiff as recording fees, and plaintiff has employed the attorneys filing this suit to collect the said note, and has agreed to pay them fifteen per cent. of the principal and interest as aforesaid for their fee, which is a reasonable fee for said services, all of which defendants have failed and refused, and still fail and refuse to pay to plaintiff's great damage.

"That the aforesaid lien is still subsisting and unreleased, and exists to secure all of the indebtedness aforesaid, and plaintiff is entitled to a foreclosure of such lien.

"Wherefore, plaintiff prays that defendants, and each of them, be cited to appear and answer herein, and that upon trial plaintiff have judgment against defendants, and each of them, for the said principal, interest, attorney's fees, and for a foreclosure of the aforesaid lien as it existed upon the 6th day of January, 1931, for costs of court, and for such other and further relief, general, or special, at law or in equity, to which plaintiff may be entitled."

Defendants answered by general demurrer, general denial, and specially alleged that the property described in plaintiff's petition is now, and was at the time of the execution of said note, their residence homestead, and prayed that they be adjudged to go hence without day.

By the reading of plaintiff's petition, the agreed facts upon which the cause was tried, and the judgment rendered, it is shown: (1) That at the time this suit was filed there remained unpaid of the principal of the note $208; (2) that plaintiff sues for 10 per cent. per annum interest on the balance due on the note, to wit, $208, from the 9th day of November, 1931; (3) for 15 per cent. on the sum due as principal and interest on the note as above stated as an attorney's fee; and (4) for $1.25 as a recording fee.

The case was tried before the court without a jury, and upon the pleadings and the agreed statement of facts, the court, on the 30th day of May, 1933, rendered judgment for plaintiff against defendants for the sum of $208, as the unpaid balance of the principal of said note, together with 10 per cent. per annum interest thereon from the 9th day of November, 1931, to the date of the judgment, and for 10 per cent. interest per annum on the judgment so rendered from the date thereof until paid, and for the further sum of $68.25, together with 6 per cent. interest per annum thereon from date of judgment, there being no recital of the items for which said sum of $68.25 was rendered. The court further adjudged and decreed that the plaintiff should recover judgment against defendants for a foreclosure of the mechanic's lien claimed by plaintiff upon the property of the defendants described in plaintiff's petition, together with an order of sale to satisfy the judgment rendered and for costs of suit.

From such judgment defendants, Black and wife, have appealed.

■ For reversal of the judgment establishing and foreclosing the lien asserted by appellee on the property of appellants, the appellants contend that as it appears from the plaintiff's petition that the plaintiff sought such judgment upon the property alleging generally a mechanic's lien and not disclosing the homestead character of the property, the petition was sufficient, in the absence of any pleading of homestead by defendants; but, however, as defendants did set up their homestead rights in their answer as a defense to the plaintiff's suit for foreclosure of its asserted lien, it devolved upon the plaintiff to file a supplemental plea setting up in avoidance of the homestead claim that such claim accrued under a contract for labor and material to be furnished to make improvements on the homestead, and that such contract was executed by the husband and wife in manner and form as required by law to fix such asserted lien, and to further allege that the improvements contracted for were made

and accepted, and that as there was no such supplemental petition filed, so much of the judgment as decreed a foreclosure on the defendants' homestead should be set aside by this court.

Counsel for appellants in his brief states, with reference to his contention above stated, that the exact point raised has not, so far as he is informed, been decided by the courts of the state, but contends that the following authorities sustain his contention: Cleveland v. Kinnear, 114 Tex. 364, 268 S.W. 722; Hargadene v. Whitfield, 71 Tex. 482, 9 S.W. 475; Chalk v. Daggett (Tex.Com.App.) 257 S.W. 228; McKenzie v. Mayer (Tex.Civ.App.) 20 S. W.(2d) 238; McSween v. Yett, 60 Tex. 183; Mexia v. Lewis, 3 Tex.Civ.App. 113, 21 S.W. 1016; Paul v. Perez, 7 Tex. 338; Rivers v. Foote, 11 Tex. 662.

We do not think the cases relied upon are applicable to the present case. While it is true that the plaintiff filed no supplemental petition wherein it is alleged that the contract in question was executed by the husband and wife in manner and form as required by law to fix a lien on the homestead, nor that the improvements called for by the contract were made and accepted, no attack in any manner was made upon the petition for failure to make such allegations.

Defendants' answer to the allegations of the plaintiff's petition, as already stated, consists of a general demurrer, general denial, and a plea of homestead, notwithstanding plaintiff had alleged that it held an indebtedness secured by a lien on the premises which defendants alleged constituted their homestead.

Upon the pleadings of the parties as shown, they went to trial, and upon the trial the note and deed of trust declared upon by the plaintiff and made the basis of its suit, which showed that they were executed in such manner and form as would show an indebtedness against defendants in favor of the original contractor and a valid lien on the homestead property in question, were introduced in evidence without objection. There was also introduced in evidence without objection a written acknowledgment that the improvements called for by the contract had been completed and that same had been accepted by defendants.

We think the only reasonable intent to be drawn from the allegations of the petition was that it alleged that plaintiff was the owner of the note sued on and that plaintiff was the owner of the deed of trust which in manner and form as executed constituted a valid lien upon defendants' property to secure the payment of the note sued upon. Such intent must have been clearly apparent to defendants and, in the absence of a special exception on the part of defendants calling for more specific allegations, they are in no position to complain that they were not fully advised of the nature and validity of the lien asserted by plaintiff clearly shown by the evidence introduced without objection.

The contention of appellants that the judgment of foreclosure should be reversed upon the contention made is overruled.

Appellants further contend that: "Since it was agreed by the parties that the property in controversy was the homestead at the time of the execution of the instruments on which foreclosure was sought and plaintiff's claim being based upon a contract for improvements on such homestead, the court was not authorized to award a foreclosure upon such homestead for the payment of attorney's fees."

We sustain such contention. It is now well settled that the homestead cannot be impressed with a lien for the payment of attorney's fees contained in mechanic's lien contract. Walters v. Texas Building & Loan Ass'n, 8 Tex.Civ.App. 500, 29 S. W. 51, (writ of error denied); Harn v. American Mutual Building & Savings Ass'n, 95 Tex. 79, 65 S.W. 176.

In the case first cited it was held that "the constitutional provision that the homestead shall be liable for work and material used in improvements thereon renders it liable to one who agreed to make the improvements, and made a contract with another to actually do the work," but that the "attorney's fees provided for in a mortgage on the homestead to secure the cost of improvements thereon cannot be enforced against the homestead." Such holding was approved by our Supreme Court in Harn v. American Mutual Building & Savings Ass'n, above cited. However, under the pleadings it is alleged that the sum of $209.50 was the amount of principal due and that plaintiff was entitled to interest at 10 per cent. from the 9th day of November, 1931. The judgment was entered on the 26th day of May, 1933. The award of the judgment is for $208 with interest at the rate of 10 per cent. per annum, and the further sum of $68.25, together with interest at the rate of 6 per cent. per annum. It

will thus be seen that the $68.25 additional sum could only be the accrued interest and 15 per cent. attorney's fees as provided in the note.

It is clearly apparent from the pleadings and the judgment rendered that the sum of $68.25 awarded was made up of 10 per cent. interest per annum on the $208 awarded as principal due on the note from the 9th day of November, 1931, to the 26th day of May, 1933, the date of judgment, a period of one year, six months, and seventeen days, and an attorney's fee. Interest on $208 at 10 per cent. for one year, six months, and seventeen days amounts to $32.15. By deducting the sum of such interest from the $68.25 awarded leaves a balance of $36.10, which was clearly awarded as an attorney's fee.

Having reached the conclusions above expressed, we hold that the judgment rendered awarding to appellee a lien on appellants' homestead to secure the payment of an attorney's fee was unauthorized and void, and so holding we here reform the judgment so as to eliminate the lien and foreclosure for an attorney's fee, and as so reformed we affirm the judgment.

Reformed and affirmed.