

# The Attorney General of Texas

April 16, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Julio A. Garcia
District Attorney
P. O. Box 1343
Laredo, Texas    78042

Opinion No. JM-476

Re: Whether statutes authorize adoption of a central filing procedure for the district courts of Webb County

Dear Mr. Garcia:

You ask whether there is statutory authority for the adoption of a central filing procedure for the district courts in Webb County that would not permit attorneys filing civil suits to designate the court in which their cases are to be filed.

There are three district courts in Webb County: the 49th Judicial District Court; the 111th Judicial District Court; and the 341st Judicial District Court. The 49th Judicial District Court was the first district court in Webb County. V.T.C.S. art. 22 (1895). The 111th Judicial District Court was created in 1929. Acts 1929, 41st Leg., ch. 39, at 73. The 341st Judicial District Court was created in 1983. Acts 1983, 68th Leg., ch. 889, at 4956. A provision first enacted in 1929 that governs cases filed in the 49th and 111th Judicial District Courts states:

> In Webb County, the clerk of the district courts shall file all civil cases, except tax suits, on the Clerk's Civil File Docket and shall number the cases consecutively. <u>Each civil case, except tax suits, shall be assigned and docketed in the court designated by the attorney filing the case.</u> The clerk shall keep a separate file docket, known as the Clerk's Criminal File Docket, for criminal cases and a separate file docket, known as the Clerk's Tax Suit Docket, for tax suits. Each criminal case and tax suit shall be assigned and docketed in the 49th District Court. The clerk shall number the cases on the Clerk's Tax Suit Docket consecutively with a separate series of numbers and shall number the cases on the Clerk's Criminal File Docket consecutively

> with a separate series of numbers. (Emphasis added).

Gov't. Code §24.151(e), Acts 1929, 41st Leg., ch. 39, at 74. See also Gov't. Code §24.213. Thus, the legislature has specifically provided that cases in the 49th and 111th Judicial District Court shall be assigned according to the designation of the attorney filing the case.

You ask whether a central filing system for the assignment of cases may be adopted in spite of section 24.151(e). We think that the Sixty-ninth Legislature impliedly repealed section 24.151(e) by enacting the Court Administration Act. V.T.C.S. art. 200a-1. That act allows the district judges and the judges of statutory county courts to provide for central assignment of cases. V.T.C.S. art. 200a-1, §5.003(b)(1).

Implied repeals are not favored. Gordon v. Lake, 356 S.W.2d 138, 139 (Tex. 1962). Ordinarily, a general law does not impliedly repeal a particular law on the same subject. Flowers v. Pecos River Railroad Co., 156 S.W.2d 260, 263 (Tex. 1941). Rather the particular law is construed as an exception to the general law. Id. An exception to that rule, however, is that an enactment intended to embrace all the law on a subject repeals all former laws on the subject. The Supreme Court has explained this rule as follows:

> [A] statute that covers the subject matter of a former law and is evidently intended as a substitute for it, although containing no express words to that effect, operates as a repeal of the former law to the extent that its provisions are revised and its field freshly covered. . . . If the later act is clearly intended to prescribe the only rules which should govern, it repeals the prior statute . . . .

Motor Investment Co. v. City of Hamlin, 179 S.W. 278, 281 (Tex. 1944). See also McInnis v. State, 603 S.W.2d 179, 183 (Tex. 1980). The Court Administration Act provides for the office of Court Administration of the Texas Judicial System. V.T.C.S. art. 200a-1, §§3.001-3.011. Section 5.003(b)(1) of article 200a-1 provides that the district and statutory county court judges in each county must adopt rules providing for the "assignment, docketing, transfer, and hearing of all cases." The act also provides for Administrative Judicial Regions, sections 4.001 through 4.022, and County Administration, sections 5.001 through 5.006. Thus, the act is a comprehensive statute governing administration of appellate courts as well as district courts and statutory county courts. Its obvious purpose is to provide for orderly and efficient administration of the Texas court system. See §1.001(b). Therefore, we think that the Court Administration Act

impliedly repealed article 24.151(e), which sets out special provisions for the administration of district courts in a particular county.

Therefore, a central filing system for assignment of cases may be adopted in Webb County.

## S U M M A R Y

A central filing system for assignment of cases under article 200a-1, V.T.C.S., may be adopted in Webb County.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General